SOUTHERN SURETY COMPANY v. PENZEL.

Opinion delivered May 19, 1924.

1. INSURANCE—CONSTRUCTION OF POLICIES.—Insurance policies, being written on printed forms prepared by the insurance companies, are liberally construed in favor of the insured; but where the language of a policy is unambiguous, so that but one reasonable construction is possible, the policy should be interpreted accord- ing to the plain import of its language.

2. INSURANCE—TOTAL DISABILITY FROM DATE OF ACCIDENT.—Under an accident policy indemnifying insured against injury wholly dis- abling insured "from date of accident," insured could not recover for total disability caused by blood poisoning developing three days after the accident.

3. INSURANCE—CONSTRUCTION OF POLICIES.—The whole policy of insurance should be construed together.

4. INSURANCE—CONSTRUCTION OF POLICIES.—A clause of an accident policy defining total disability as one accruing from the date of the accident and a clause providing that blood poisoning was covered by the policy should be construed together.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; reversed.

STATEMENT OF FACTS.

This is an action by Adam C. Penzel against the Southern Surety Company to recover on an accident policy issued to him by said company.

According to the allegations of his complaint, he was injured on the 6th day of January, 1921, while in the act of removing a piece of meat from a butcher's block in his butcher shop in the city of Little Rock, Ark. He pushed his right hand under the meat for the purpose of removing it from the block, and the forefinger of his right hand was cut by coming in contact with a sharp knife concealed under the meat, the presence of which was unknown to him. On the 9th day of January, 1921, blood poisoning set up in the cut finger and rendered plaintiff totally unable to attend to his business. His total disability continued for twenty weeks, and he was partially disabled for a period of three weeks longer. As

the result of the blood poisoning, he was confined in St. Vincent's Infirmary, in Little Rock, for two weeks.

The plaintiff gave defendant notice of his injury as required by the policy, and the defendant refused to pay him. The plaintiff prayed judgment against the defendant for the sum of $562.50 alleged to be due him under the terms of the policy, and for the penalty and attorneys' fees allowed him by statute.

The defendant denied that the plaintiff was entitled to recover for total disability, but admitted that he was entitled to recover one-half of the amount sued for on account of partial disability.

The policy sued on was introduced in evidence, and was in force at the time the injury was received. The insuring clause reads as follows:

"(1)   The effects resulting, and exclusively of all other causes, from bodily injury sustained during the life of this policy, solely through external, violent and accidental means (excluding suicide, sane or insane, or any attempt thereat), said bodily injury so sustained being hereinafter referred to as 'such injury'."

The accident indemnities read as follows:

"Part 2. Specific Losses. If 'such injury' shall wholly and continuously disable the insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability, but within two hundred weeks from date of accident, shall result, independently and exclusively of all other causes, in any one of the losses enumerated below, or, within ninety days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the company will pay the sum set opposite such loss; and in event 'such injury' results in death, the company will pay, in addition to the principal sum, weekly indemnity as provided in part 3, to the date of death; but only one of the payments named in part 2 will be made for injuries resulting from one accident."

Then follows the amount to be paid for loss of certain members of the body, and also defining what is meant by the word "loss."

"Part 3. Weekly Indemnity: Total or Partial Disability. The company will pay accident indemnity at the rate per week specified in part 1, for the period of total loss of time commencing on the date of the accident, during which 'such injury' alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to any business or occupation."

"The company will pay one-half of the said weekly accident indemnity, if 'such injury' shall not, from the date of accident, wholly disable the insured, but shall, within thirty days thereafter, wholly and continuously disable him, or if 'such injury' alone shall, commencing on the date of accident or immediately following the total loss of time, continuously disable and prevent the insured from performing one or more important daily duties pertaining to his occupation; provided, however, that no such partial indemnity shall be paid for a longer period than twenty-six consecutive weeks."

"Provided, that indemnity under this part shall not be paid for any specific loss, except as provided under part 2."

Part 7 is as follows: "Special Indemnity. Blood poisoning, sunstroke, freezing, hydrophobia, or asphyxiation due solely to 'such injury' (excluding suicide, sane or insane) shall be considered as covered by this policy."

Part 8 of the policy provides for hospital expenses.

It was admitted that the injury occurred at the time and in the manner stated in the complaint.

The policy also provides that the insured is entitled to receive the sum of $25 per week for the period of total disability and $12.50 per week for the period of partial disability and a like sum for the period of confinement in a hospital as the result of the accident.

The case was tried before the court without a jury, and the court found that the plaintiff was totally disabled for a period of twenty weeks and partially disabled for three more weeks, and that he was confined in a hospital as the result of the accident for two weeks.

Judgment was therefore rendered in favor of the plaintiff against the defendant for the sum of $562.50, together with the statutory penalty of 12 per cent. and the attorney's fee in the sum of $75. The case is here on appeal.

*Samp Jennings,* for appellant.

There is no ambiguity in the policy, and the courts cannot engraft on the policy a meaning contrary to that which the plain terms of the policy conveys. 62 Ark. 348; 111 Ark. 167; 142 Ark. 240. In the absence of some statutory or well-recognized ground of public policy prohibiting the making of conditions between the insurer and the insured, the parties have a right to make them, and are bound thereby. 122 Ark. 219; 122 Ark. 468; 133 Ark. 599. Since the period of total disability did not commence on the day of the accident, as provided within the policy, nor until three days later, appellee is only entitled to recover for a partial disability. Total disability must ensue within twenty-four hours of the accident, to come within the terms of the policy. 14 R. C. L. 1318, § 491. The words "at once" and "immediately," as used in accident policies, referring to the time of such disability, do not mean within a reasonable time, but mean presently, or without any substantial interval between the accident and the disability. 175 Ala. 357; 16 N. W. 747.

*T. N. Robertson* and *A. J. DeMers,* for appellee.

HART, J., (after stating the facts). The correctness of the judgment of the circuit court depends upon the construction to be placed upon the policy. It is admitted that the wound received by the plaintiff caused blood poisoning in his hand, and that this disability falls within the terms of the policy.

It is claimed by counsel for the insurance company, however, that the court erred in finding that the plaintiff was totally disabled under the evidence introduced. The plaintiff was injured on the 6th day of January, 1921, and blood poison developed in his injured hand on the 9th day of January following. This was three days after he sustained the injury. The language of the policy is that, if such injury shall wholly and continuously disable the insured from the date of the accident from performing the duties of his occupation, the company will pay him for the period of total loss of time commencing on the date of the accident.

In this connection it may be stated that insurance policies are written on printed forms prepared by the insurance companies, and are liberally construed in favor of the insured. On the other hand, where the language of the policy is unambiguous, and but one reasonable construction of the contract is possible, it is the duty of the courts to interpret the policy according to the plain import of its language. The language of the clauses with regard to total or partial disability is not ambiguous at all, and is susceptible of but one meaning. The words, "from date of the accident," refer to the day on which the accident takes place. The words refer to a given point of time, and do not mean a period of time three days afterwards.

This view is strengthened when we consider the language of the latter section of "part 3," which is copied in our statement of facts. It provides that the company will pay one-half of the weekly accident indemnity, if such injury shall not, from the date of the accident, wholly disable the insured, but shall, within thirty days thereafter, wholly and continuously disable him. Manifestly, this clause would have been omitted if the words, "from date of accident," had not meant from the day the injury was received.

But it is contended that part 7 places blood poisoning and the other things mentioned therein in a class to them-

selves, and that they are exempt from the conditions of parts 2 and 3.

We do not agree with counsel in this contention. The whole policy must be construed together, and there is nothing whatever to indicate that blood poisoning, sunstroke, freezing, etc., are exempt from the conditions specified in parts 2 and 3. Blood poisoning is caused by a foreign substance entering the blood, and the time when it develops will depend both upon the condition of the blood and the nature of the foreign substance entering it. When infection enters through the wound produced by the original accident, some time will elapse before blood poisoning develops, and the object of this clause of the policy is to bring blood poisoning, sun-stroke, freezing, hydrophobia or asphyxiation within the terms of the policy and to impose liability upon the insurance company when either one of these things results as an effect of the original injury. In other words, this clause makes the blood poisoning alleged and shown in this case a natural incident of the wound, and to be considered as an effect of the original injury, rather than as an independent or additional cause.

Therefore, the court erred in finding for the plaintiff for total disability. The plaintiff was injured on the 6th day of January, 1921, and the blood poisoning did not develop until the 9th day of January, following, which could not be considered from the date of the accident.

A construction of these words was involved in the case of *Robinson* v. *Masonic Protective Assn.* (Vt.), 88 Atl. 531, 47 L. R. A. (N. S.) 924, and the court said, that a construction making the words, "from date of the accident," mean from the calendar date on which the accident occurred, would be so unreasonable in some cases as to render it almost certain that such a construction was not contemplated by the parties to the contract. The court pointed out, by way of illustration, that the insured might meet with an accident between eleven and twelve o'clock at night, and yet, if that is the date contemplated

by the policy, the total disability of the insured must begin within the same hour, and perhaps instantly, in order to entitle him to the benefits provided in the clause with regard to total disability. Continuing, the court said: "Assuming that this provision was inserted in the contract by the insurer with intentions reasonable and just toward the insured, we think the words, 'date of the accident,' as used in that clause, were intended to mean total disability from the day of the accident, reckoned from the time of the accident; that is, within twenty-four hours thereafter." See also 5 Joyce on Ins. (2d ed.) § 3032 (e) where this construction is made a part of the text.

The result of our views is that the court erred in holding that, under the circumstances, the plaintiff was totally disabled within the meaning of the policy, and for this error the judgment must be reversed, and the cause will be remanded for a new trial, unless the plaintiff elects within 15 days to take judgment here for the amount conceded by defendant to be due.