MID-CONTINENT LIFE INSURANCE COMPANY *v.* CHAPPELL.

Opinion delivered May 16, 1927.

1. INSURANCE—ACCIDENT POLICY—BLOW AS CAUSE OF APPENDICITIS.— In a suit on an accident policy in which it was claimed that appendicitis resulted from a blow on the right side of plaintiff's abdomen, suffered while he was cranking a car, a finding that the blow caused the appendicitis will be sustained where the medical testimony was conflicting as to whether the blow caused the appendicitis.

2. INSURANCE—INSTRUCTION AS TO RECOVERY FOR TOTAL DISABILITY.— Where, in an action on an accident policy, the evidence showed that appendicitis developed two days after the alleged injury, and a jury could have found that insured was totally disabled from performing any duty from the date of the injury, it was not error to refuse an instruction that the insured could not recover for total disability caused by appendicitis developing two days after the accident, where there was no provision in the policy requiring that the total disability must result and continue from the date of the accident.

Appeal from Yell Circuit Court; *J. T. Bullock*, Judge; affirmed.

*Hays, Priddy & Rorex*, for appellant.

*Lewis M. Robinson*, for appellee.

KIRBY, J.   Appellant brings this appeal from a judgment recovered against it by appellee upon an accident policy for the sum of $212.50, the amount sued for, and interest, penalty, and $50 attorney's fees.

It is claimed for reversal that the verdict is not supported by the testimony and that the court erred in refusing to give its instruction No. 1.

From the testimony it appears that appellee was returning from a trip in Oklahoma in a Ford car with his family, and stopped on his way home on July 23, 1925, in Fort Smith, at the home of his brother-in-law. About 2 or 3 o'clock in the afternoon he took his own and the children of his brother-in-law for a ride, crossing the free bridge into Oklahoma.

About 5 o'clock he had car trouble, and had to crank the car. It back-fired and jerked, and threw him on the radiator, and the crank struck him on the right side of the abdomen. Within 20 or 30 minutes he was able to crank the car and return to Fort Smith, where he stayed that night, and had no doctor attending him. The next day, with the assistance of his wife, he drove the car from Fort Smith to his home in Dardanelle, drove down town from his residence, bought some groceries, went to his barber shop, and returned home and ate a little supper. About 8 o'clock on that evening of July 24, after supper, he became unconscious, and remembered nothing further until he found himself in the hospital the next evening, where an operation was performed for acute appendicitis. He was in the hospital 21 days, and totally disabled for 30 to 31 days after leaving the hospital, and went back to work on September 14.

The operating physician testified that the rupture was from a pus formation; he also said the condition was produced by trauma or injury, that he knew of the lick or accident before the operation, and that the pus causing the rupture could have formed within 48 hours after the blow was received; also that 10 cases out of every 152 of appendicitis are caused directly from a bruise or lifting.

Other physicians testified—one that it was not possible for sufficient pus to form to rupture the appendix within 48 hours after the injury was received, unless it was already infected; the other was doubtful about it.

Appellant insists that the judgment is not supported by the testimony; that it was physically impossible for the insured to have been injured as he claimed to have been, and for such injury to have caused the appendicitis.

1. The jury found, however, from the testimony that the appellee was struck in the side by the crank, when the engine back-fired, while he was cranking the car, not an impossible occurrence; and the physician who operated successfully removing the ruptured appendix knew of the injury, and said it caused the acute appendicitis, and that the appendix was long and extended down over the brim of the pelvis, being a factor in causing the appendicitis to result from the trauma. One of the other physicians said it was not possible for it to do so, and the third was doubtful, inclining to the view that the injury could not have caused formation of the pus, rupturing the appendix, within the time.

We cannot say therefore that the verdict is not supported by substantial testimony, nor, when medical men differ about the matter, that it is contrary to natural or scientific principles, or that it has been demonstrated that the verdict is based upon what is untrue and what could not be true.

2. No error was committed in refusing to give requested instruction No. 1, telling the jury that the

insured could not recover for total disability caused by appendicitis developing two days after the accident, if there was an accident. There is no provision in the policy herein requiring that the total disability must result and continue from the date of the accident, as was the case in *Southern Surety Company* v. *Penzel,* 164 Ark. 365, 261 S. W. 920, relied upon by appellant, and the jury could have found that the insured was totally disabled from performing any and every kind of duty pertaining to his occupation from the date of the injury.

We find no prejudicial error in the record, and the judgment is affirmed.