Henry L. Burrell, Complainant, Appellee, v. Provident Life & Accident Insurance Co., Defendant, Appellant.

(*Nashville*, December Term, 1930.)

Opinion filed July 1, 1931.

E. J. SMITH and NORMAN FARRELL, for complainant, appellee.

SIZER, CHAMBLISS & SIZER, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on an accident policy of insurance, exhibited with the bill, to recover $500 for the loss of an eye. By demurrer it was insisted that the bill did not state a cause of action. The chancellor overruled the demurrer. Defendant declined to plead further, a *pro confesso* was taken, and a decree entered in favor of complainant for the sum sued for. Defendant appealed, and by appropriate assignments of error insists that its

demurrer should have been sustained and the bill dismissed.

The facts are thus stated in the bill:

"On June 14, 1930, the complainant, while leaning over a box of ferns in his house, was jabbed in the eye by the end of a fern. The next morning he called upon a doctor who treated him. At first the injury was not supposed to be very serious and complainant continued at his work as a clerk in the office of the Nashville, Chattanooga & St. Louis Railroad until June 25, 1930, when his condition became so serious that he was compelled to quit work. He was, however, continuously under a doctor's treatment from the day of the accident. The eyeball became so infected that finally on August 19th it was removed and the complainant was unable to resume work until September 2, 1930."

The policy contains the following provision:

"If such bodily injury shall immediately from date of accident, independently and exclusively of all other causes, directly, continuously and totally disable and prevent the Insured from performing any and every kind of duty pertaining to his occupation, and if, during the period of such continuous and total disability, and within ninety days from date of accident, such bodily injury shall be the sole and direct cause of any one of the losses enumerated in this Part, the Company will pay the sum specified opposite such loss in lieu of all other indemnities under this Policy."

It appears from the allegations of the bill that complainant continued at his regular work for eleven days after the accident, and was not, therefore, continuously and totally disabled from pursuing his occupation from the time of the accident to the date of the disability. We consider it fairly inferable from the allegations of the

bill that the disability of complainant resulted from the accident, and was not due to any intervening cause.

Our decision must rest upon the meaning of the word "immediately," as used in the policy. There is considerable conflict in the authorities upon this question, and it is impossible to harmonize the decisions. No fixed rule can be formulated, but each case must be determined upon its own facts. A very clear statement of the interpretation which the courts have placed upon the provision of the policy under consideration is contained in 1 Corpus Juris, 468-469, and is as follows:

"A provision frequently found in accident policies defines the injuries for which the insurer shall be liable as those which shall 'immediately, wholly, and continuously' disable the insured, and the question has been raised in several cases as to the meaning to be given to the word 'immediately.' In a majority of the cases the courts on a consideration of the context have found that the word 'immediately' in the connection mentioned is used as an adverb of time, although in some cases it has been interpreted as signifying causation and not time. The principal difficulty, however, in these cases has not been to ascertain whether the word 'immediately' signifies proximity of time, since that signification is generally indicated with sufficient clearness by the context, but rather to determine how soon after the infliction of the injury the disability must result in order to come within the designation. It is generally agreed that 'immediately' as so used does not mean instantaneously or without any interval of time; and is not, on the other hand, equivalent to the phrase 'within a reasonable time,' but requires that the disability shall result presently and without any substantial interval. It has also been said that, in view of the purpose of the limitation which is to guard against

the difficulty of determining whether or not the disability in any case was the result of the accident or of some intervening cause, a disability is immediate when it results within the time required by the laws of nature for the cause to produce the effect.''

We find upon investigation that the great weight of authority is to the effect that the word ''immediately,'' as here employed, refers to proximity of time with the injury, and not proximity in the sense of causation. We are further of the opinion that this construction gives effect to the intention of the parties. This provision was inserted, according to the decisions, to guard against the hazard of uncertain litigation to determine whether the disability resulted from the accident or from some intervening cause.

In construing the clause in question, the court, in *Laventhal* v. *Fidelity & C. Co.* (1908), 9 Cal. App., 275, 98 Pac. 1075, said: ''The language is plain, and anyone can at once see that the plaintiff was not immediately disabled and prevented from performing the duties, or part of the duties, pertaining to his occupation. The defendant had the right to make its liability depend upon the fact as to whether or not the plaintiff was immediately disabled by the injury from performing every duty pertaining to his occupation. It had the right to take the question out of the category of such uncertainties as might be raised by experts, or oral testimony as to whether or not the final total disability was caused by the injury, or by other complications or conditions. It made its insurance policy with these conditions, and evidently fixed its rate of premium in accordance with the risk it assumed. To these conditions the plaintiff gave his assent when he accepted the policy. If he was not immediately disabled, he cannot in law or in morals hold

the defendant liable. If we were to adopt the rule contended for here by plaintiff, it would place such a contract in the realm of uncertainty. If, where twenty-two days elapsed before the injury finally overpowered and disabled the plaintiff, we should hold that such disability was immediate, the same reasoning would apply if the period had been fifty days, and so on for months and perhaps years. It is said by medical writers that cases have been known where a slight injury received in youth, from which the patient apparently recovered, has been the proximate cause of death in old age. After days and months, and perhaps years, have elapsed, it is evident that the question as to whether or not the injury of itself finally wholly disabled the party would be a question—at least, in many cases—difficult to determine. It might finally be solved in favor of the party who was most industrious in procuring witnesses, and particularly expert witnesses. We are of opinion that it is a much safer rule to hold the parties to the plain, unambiguous reading of their contract.''

One of the leading cases dealing with this question is *Williams* v. *Preferred Mut. Acc. Asso.*, 91 Ga., 698, 17 S. E., 982. The court said: ''It seems to us there was excellent sense and reason in the employment of the words used in this policy to prevent liability on the part of the company under just such circumstances as are disclosed in this case, and we are quite sure this was deliberately intended by the draftsman. It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury and its consequences; and, to avoid this difficulty in the numerous and ever varying cases which might arise, we think the company meant to have it understood that it would not be responsible for loss of time

resulting from a physical injury, unless it was plain and manifest that the injury directly, alone and without delay, occasioned such loss of time; and that it would not be liable for loss of time which might result from other intervening causes taking effect after the injury was actually received. Indeed, as already intimated, this very case affords an apt illustration of the necessity for such protection to the company. Where a man has received a blow on the head which, at the time of its infliction, does not appear to be serious, and for a month goes on regularly, though with some inconvenience, attending to his business, and then becomes unable for a long time to transact business at all, it is certainly not improbable, to say the least, that something else. besides the original injury may have either caused, or largely contributed to, his condition. The insurance company framed its policy in order to avoid the hazard and uncertainty of litigating just such questions and issues as these.''

Many of the cases have been collected in the notes to the above Corpus Juris text in 24 Ruling Case Law, beginning on page 1048, and it is unnecessary to list them here.

■ We are further of the opinion that the word ''immediately,'' as here used, does not mean instantaneously or without any interval of time; and it is not, on the other hand, equivalent to the phrase ''within a reasonable time,'' but requires that the disability shall result presently and without any substantial interval.

In *Williams* v. *Preferred Mut. Acc. Asso., supra,* it was said: ''Treating the word 'immediately' as a word of time, we do not think that in the policy before us the period of time indicated by it is the same as that which would be expressed by the words 'reasonable time.' This word, when referring to something to be done voluntarily

by human agency, may mean 'within a reasonable time,' or 'as soon as practicable,' and has often been construed, when used in policies of insurance, as having this meaning with reference to the time of giving notice, or making a claim, or the like. See, in Browne's Judicial Interpretation of Common Words & Phrases, beginning on page 179, an extract from the opinion delivered in *Lockwood* v. *Middlesex Mut. Assur. Co.* (1880), 47 Conn., 553, and the cases therein cited. Also *Rokes* v. *Amazon Ins. Co.* (1879), 51 Md. 512, 34 Am. Rep., 323. Such a construction of the word 'immediately,' with reference to an act to be done by the insured, is perhaps sound; but in a case like the one at bar, where this word refers to a consequence resulting from a physical cause independently of the will or control of the insured, it cannot, when manifestly used as a word of time, have any such meaning."

■ Applying these principles to the facts of the instant cause, we hold that there was a substantial interval of time between the date of the accident and that of the disability resulting therefrom. The cases heretofore referred to clearly support this conclusion.

It is not averred in the bill that the complainant was partially disabled between the dates mentioned, or that the labor which he performed during the interval was trivial, so as to bring the cause within the rule which is thus stated by the annotator of American Law Reports, Vol. 51, p. 1048, as follows:

■ "Most of the courts, as pointed out in the earlier annotations, adhere to the liberal rule that the 'total disability' contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness; but the total disability contemplated means inability to do substantially all of the material acts necessary to the prosecution of the insured's

business or occupation, in substantially his customary and usual manner.''

This rule was approved by this court in *Pac. Mut. L. Ins. Co.* v. *McCrary,* 161 Tenn., 392.

Counsel for complainant rely upon *Rathburn* v. *Globe Indemnity Co.* (Neb.), 24 A. L. R., 200; *Booth* v. *United States Fidelity & Guaranty Co.* (N. J.), 130 Atl., 131; and *Rorabaugh* v. *Great Eastern Cas. Co.,* 117 Wash. 7.

In the last named case the court said: ''The policy evidently does not mean that there must be a disability from the very moment of injury, because in an injury of the character here involved, that would be impossible. But there was in this case a disability within the fair meaning and construction of the quoted words. The testimony shows that within twelve hours after the cutting of the finger the insured became sick, and that on the third day after his injury he took to his bed, which he never left.'' Whether the court based its holding upon the rule of partial disability or that of insubstantial interval does not appear. Under the facts set forth in the opinion it would not be a very great strain upon the timbers of the law to apply either rule.

In the New Jersey case the court expressly held that the claimant, during the interval, was unable to do substantially all of the material acts necessary to the prosecution of his business.

The Nebraska case supports the contention of complainant, but the decision was by a divided court. In all three of these cases the courts were dealing with policies which provided insurance against bodily injury caused by external, violent, and accidental means, ''and which shall from the date of the accident result in continuous disability.''

The following cases hold that the words "from date
of accident" and "immediately" are not of similar im-
port; that the former means instantaneously:

*Martin* v. *Travelers' Ins. Co.* (Mo.), 41 A. L. R. 1372;
*Thompson* v. *General Acc. Fire & Life Assur. Corp.,* 155
La., 31, 98 So., 746; *Southern Surety Co.* v. *Penzel,* 164
Ark., 365, 261 S. W., 920.

It is unnecessary for us to decide whether these words
mean the same thing. We simply cite these cases for the
purpose of showing that they have been questioned upon
other grounds. We wish to emphasize the clause of the
policy which provides that the total inability shall exist
"immediately from date of injury." The inability shall
not only exist "immediately" from the injury, but it
shall exist *"from date of injury."* This clearly evinces
an intention on the part of the parties that the disability
shall result presently and without any substantial in-
terval. So far as the record shows, complainant per-
formed his work during the interval of eleven days in
the usual and customary manner, and hence does not come
within the liberal rule of partial disability, which seems
to be an exception to the general rule providing that the
disability shall result presently to the injury and without
any substantial interval.

In the Corpus Juris text, hereinbefore quoted, it is
said that by some authorities "a disability is immediate
when it results within the time required by the laws of
nature for the cause to produce the effect." The weight
of authority is to the contrary. Furthermore, in those
cases supporting the text there was a partial disability
from the date of the accident, so as to show beyond ques-
tion a causal connection between the injury and the dis-
ability.

It follows that the decree of the chancellor must be
reversed, the demurrer sustained, and the bill dismissed.