UNITED STATES FIDELITY & GUARANTY COMPANY *v.* HOFLINGER.

Opinion delivered February 1, 1932.

*Wm. M. Hall* and *Lamb & Adams,* for appellant.

*Wm. F. Kirsch,* for appellee.

Butler, J. Rev. Joseph Froitzheim was insured by the appellant company against accidental bodily injuries, fatal or non-fatal, and, while the policy was in full force and effect, suffered a sunstroke from which he died. It was alleged in the complaint brought to recover on the policy "that, while not making undue exertion or effort at some time during the afternoon of said day, the insured accidentally suffered a sunstroke at his home in Pocahontas in Randolph County, Arkansas, as a result of and from the effects of which he, at the same place at about 7:30 o'clock in the evening of the same, died."

A general demurrer was filed to the complaint which was overruled by the court, and, the defendant electing to stand upon the demurrer, the court on the same day rendered final judgment in favor of the plaintiff in the amount sued for.

The sole question presented is whether or not recovery may be had for death from sunstroke suffered by the insured while not making any undue exertion or effort and engaged in his customary activities, without intervening injury, under the terms of the policy sued on. By sub-paragraph No. 1, the policy insured the deceased against "accidental bodily injuries, fatal or non-fatal, being hereinafter referred to as 'such injury'." Under Schedule 2, titled Special Indemnity, is the following provision: "Blood poisoning, sunstroke, freezing, hydrophobia or asphyxiation due solely to such injury (excluding suicide, sane or insane, or any attempt thereat) shall be considered as covered by this policy."

It is the contention of the appellant that a proper construction of the policy limits liability for sunstroke to only those cases where it is the result of some ante-

cedent mishap or injury, and that this is clearly indicated by the words in Schedule No 2, "due solely to such injury."

The contention is made that this is the holding of the court in the case of *Southern Surety Co. v. Penzel,* 164 Ark. 365, 261 S. W. 920, in construing a policy worded identically as the policy sued on. In that case the court did not pass upon the question presented in the case at bar. The blood poison in that case developed at a date subsequent to the happening of the injury, but within thirty days thereafter. The policy provided for a certain indemnity to be paid for total disability commencing on the date of the accident and for one-half of that amount where the injury did not, from the date of the accident, wholly disable the insured but should do so within thirty days thereafter. Another provision in the policy was to the effect that blood poison, sunstroke, freezing, etc., due solely to such injury (excluding suicide, sane or insane) should be considered as covered by the policy. It was contended that the paragraph including blood poisoning and the other things mentioned therein in a class to themselves exempted them from the conditions of the policy above referred to providing for indemnity in a certain amount where total disability occurs on the date of the accident and for half that amount where the total disability occurs thereafter and within thirty days. In that case the court held: "The whole policy must be construed together, and there is nothing whatever to indicate that blood poisoning, etc., are exempt from the conditions specified. * * * When infection enters through the wound produced by the original accident, some time will elapse before blood poisoning develops, and the object of this clause of the policy is to bring blood poisoning, sunstroke, freezing, hydrophobia or asphyxiation within the terms of the policy and to impose liability upon the insurance company when any one of these things results as the effects of the original injury * * *. Therefore, the court erred in finding for the plaintiff for total disability. The plaintiff was

injured on the 6th day of January, 1921, and the blood poisoning did not develop until the 9th day of January, following, which could not be considered from the date of the accident." Counsel mistakenly contend that the policy in that case was worded identically as the policy sued on in the case before us. In the Penzel case the policy insured against injuries "the effects resulting exclusively of all other causes from bodily injury sustained * * * solely through external, violent and accidental means, said bodily injury so sustained being hereinafter referred to as 'such injury'," whereas, as we have seen, the insuring clause in the policy under consideration here insures against "accidental bodily injuries, fatal or non-fatal, hereinafter referred to as 'such injury'." It is therefore evident that the court in the Penzel case did not attempt to construe the special clause relating to blood poisoning, sunstroke, etc., in connection with the insuring clause, for, in the case of *Continental Casualty Co. v. Bruden,* 178 Ark. 683, 11 S. W. (2d) 493, the court, in a unanimous opinion, held that sunstroke itself was the original injury, and it and its effects are both the cause and the consequence of the original injury. In that case recovery was sought under a policy for the accidental death of the insured caused by "heat prostration." The policy provided that "the insurance given by this policy is against loss of life * * * resulting from a personal bodily injury which is effected solely and independently of all other causes by the happening of an external, violent and purely accidental event." In that case it was held that the authorities are united in treating heat prostration and sunstroke as meaning the same thing, and, after reviewing a number of cases, the court accepted the view which appears to be supported by the greatest weight of authority and the better reason that death or injury occasioned by sunstroke was an accidental bodily injury. Sunstroke is a casualty the cause of which is not well understood and happens unexpectedly under circumstances where ordinarily a sunstroke will not oc-

cur, so that it may be said to be an unusual event not according to the usual course of things and not to be ordinarily expected. It therefore comes within the meaning of the term "accidental," as used in its popular sense, and the court in the Bruden case, *supra,* concluded "that a sunstroke suffered by one unexpectedly is within the protection of an accident policy insuring against bodily injuries sustained through external, violent and accidental means."

It is insisted that the provisions of the policy in the case before us are different from those in the policy considered in the Bruden case. This is true, but we are of the opinion that it is more liberal and comprehensive, and, when we consider that sunstroke itself is an accidental injury, the specific provision of Schedule No. 3, referring to sunstroke, does not add to or limit the liability under the general insuring clause. Therefore death from sunstroke is covered by the policy sued on, and the court properly overruled the demurrer, and entered judgment in favor of the plaintiff.

The appellee has cited a number of cases announcing a contrary doctrine, but these cases were examined in the case of *Continental Casualty Co.* v. *Bruden, supra,* and in the cases therein referred to. A number of other cases have been cited by the appellee to support the construction adopted in the Bruden case, but we deem it unnecessary to discuss these as our own decisions have settled this question, and under their authority the judgment of the trial court is correct and must therefore be affirmed. It is so ordered.