WILLIS *v.* DENSON.

5-1359                                        306 S. W. 2d 106

Opinion delivered October 28, 1957.

*Moses, McClellan & McDermott,* for appellant.

*Switzer & Switzer,* for appellee.

MINOR W. MILLWEE, Associate Justice. The principal issue here is whether a dwelling the appellees contracted to purchase was vacant or unoccupied beyond a period of sixty consecutive days immediately prior to its destruction by fire under a policy of insurance issued by the appellant, St. Louis Fire & Marine Insurance Company.

The question arose in this way. On December 15, 1949, the appellees, Luther Denson and Callie Denson, purchased a house and lot in Fountain Hill, Arkansas from Mr. & Mrs. Brooks H. Willis under a written contract calling for a down payment with the balance of the purchase price payable in monthly installments. Pursuant to the contract appellees procured a fire insurance policy on the dwelling in the amount of $3,000 with the vendors named as beneficiaries in the standard mortgage,

or loss payable, clause. All premiums had been paid when the house was totally destroyed by fire on June 2, 1953. After the loss the appellant insurance company paid Mr. and Mrs. Willis the $1,075.97 balance due them by appellees under the written contract and took an assignment of their rights as subrogee under the policy. However the company denied appellees' claim on the ground that the dwelling was vacant for more than sixty consecutive days prior to the fire.

On September 13, 1955, the insurance company joined Mr. and Mrs. Willis in this suit against appellees to foreclose the company's alleged lien for $1,075.97 as subrogee under the mortgage clause of the policy. In their answer and cross-complaint appellees asked judgment against the appellant insurer for their alleged equity of $1,924.03 in the proceeds of the $3,000 policy, plus the statutory penalty and attorney's fee. The chancellor found for appellant on its complaint and for appellees on their counterclaim for $1,924.03 plus 12 per cent penalty, attorney's fee of $625.00 and costs.

As a preliminary argument appellant says the burden of proof was on appellees to show that the insured house was occupied within sixty days prior to its destruction under the rule that, when a fact is peculiarly within the knowledge of a party, the burden is on him to prove it. But we are committed to the rule that, when proof is made of loss or damage apparently within a policy of insurance, the burden is on the insurer to show that the loss or injury was from an excepted risk or cause. *Life & Casualty Ins. Co. of Tenn.* v. *Barefield*, 187 Ark. 676, 61 S. W. 2d 698; *Southern National Ins. Co.* v. *Pillow*, 206 Ark. 769, 177 S. W. 2d 763. This is the rule ordinarily applied where the insurer claims vacancy or nonoccupancy and the burden is clearly upon it to prove such affirmative defense. *Appleman, Insurance Law and Practice*, Sec. 12, 226.

The chancellor found that the appellant failed to show by a preponderance of the evidence that the house was vacant for more than sixty days immediately prior to its destruction on June 2, 1953. This factual issue pre-

sents a close and difficult problem. On behalf of the appellant Mr. and Mrs. J. B. Swain testified they moved from the dwelling in question on November 29, 1952, to a home across the road or street where they resided until about May 29, 1953. During this period Mr. Swain taught school in Fountain Hill and Mrs. Swain attended college in Monticello, Arkansas. While they did not visit the premises in question during this period they did not see any one around the house nor did they observe any other signs of occupancy during such period. Mrs. Callie Denson testified she rented the house to Henry Jiles, an elderly Negro who had been with the Densons for many years, from the latter part of January, 1953 to the first week in May, 1953, and that he occupied the house during that period. She saw him there when she visited the premises about May 1, 1953. While they tried to keep his presence a secret from the white people of the community she named three Negroes who knew he was living there. Mr. Swain stated on cross-examination that there were other houses occupied by Negroes not very far from the house in question. Henry Jiles died before the trial and the other three persons named by Mrs. Denson were not called as witnesses.

While we might have reached a different conclusion on this sharply conflicting testimony if we had observed and heard the witnesses, we cannot say the finding of the chancellor who enjoyed that privilege is against the weight of the testimony. We try chancery cases *de novo,* but where the proof is evenly balanced or is in such hopeless conflict and the state of the record such as to leave us in doubt as to where the preponderance of the evidence lies, we follow the chancellor's finding unless he has erroneously applied the law. *Brunson* v. *Reinberger & Collier,* 134 Ark. 211, 203 S. W. 269. As we said in *Greenlee* v. *Rowland,* 85 Ark. 101, 107 S. W. 193: "It is the duty of this court to try chancery cases *de novo,* and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised, or nearly so, the finding of the chancellor is accepted as conclusive." Un-

der the rule we do not feel that we are warranted in disturbing the chancellor's finding on this factual issue.

Appellant next contends the decree is not in accord with the pleadings and findings of fact in that the court failed to set off the amount of $1,075.97 paid the vendors against the amount of $1,924.03 prayed for in appellees' cross-complaint. According to the pleadings and the undisputed proof appellant owed appellees $3,000 less the amount paid the vendors unless there was a breach of the vacancy provision of the policy. While it perhaps might have been more appropriate for appellees to have prayed for judgment for $3,000 less the amount already paid instead of asking for dismissal of the complaint and judgment for $1,924.03, the net result reached by either method of pleading is the same. It is the statement of facts in a complaint or cross-complaint, and not the prayer for relief, that constitutes the cause of action, and a court may grant whatever relief the facts pleaded and proved may warrant, in the absence of surprise to the complaining party. *Grytbak* v. *Grytbak*, 216 Ark. 674, 227 S. W. 2d 633. In addition, appellant made no objection to any of the proof offered and the court had authority to treat the pleadings as amended to conform thereto.

We find no merit in appellant's final contention that the statutory penalty and attorney's fee should not have been allowed or, if so, that the fee is excessive. The court determined the principal amount of appellant's liability to be $1,924.03, which was the amount claimed due by appellees. While the fee is liberal, it was perhaps fixed on the basis of additional services necessitated by this appeal, and we do not find it excessive.

Affirmed.