NUTT v. STRICKLAND.

5-2166                                      338 S. W. 2d 193

Opinion delivered September 19, 1960.

*Henry, Boyett & Nutt,* for appellants.

*L. B. Smead,* for appellees.

CARLETON HARRIS, Chief Justice. This is a boundary dispute. The parties to the action derived title to their respective properties from a common grantor, W. L. Furlow, who at one time owned the entire tract. Appellants instituted suit in the Calhoun Chancery Court, seeking to quiet title to certain lands in themselves, alleging that they had been in possession of such lands since 1932; that Furlow had attempted to convey a portion of their property to appellees on September 14, 1957; that such deed constituted a cloud upon the title of appellants, and they prayed that the deed from Furlow to appellees be cancelled. On hearing, the court dismissed the complaint for want of equity, and found that title to the land in dispute should be quieted and confirmed in appellees. From such decree comes this appeal.

At the outset, it might be mentioned that appellants do not predicate their claim in any respect on adverse possession, but rather base their title solely upon the description in the deed.

The disputed boundary is the northern border of the appellants' property and the southern border of appel-

lees' property. In 1925, W. L. Furlow acquired title by warranty deed to certain lands from Hugh McKinnie, under the following description:

"Starting at the Southeast corner of said Subdivision, run North along the Section line Eighty (80) feet to the Branch or Little Creek, to the point of beginning; thence continuing North along said Section line, two hundred and twenty (220) feet, more or less; to the right-of-way of the Thornton and Alexandria Railroad; thence West along said right-of-way, about Two Hundred Twenty Feet (220), more or less, and thence in a Southwesterly direction, continuing along said right-of-way about Two Hundred Ninety (290) feet, more or less, to the place where said right-of-way crosses said Branch or Little Creek, thence East along said Branch or Little Creek about Five Hundred Feet (500), more or less, to said point of beginning."

In February, 1927, Furlow conveyed, by warranty deed, to W. S. Nutt, a portion of the above property described as follows:

"Commencing at the S o u t h e a s t Corner of said Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) and running North on the Section Line 80 feet to a corner on North side of Branch; the point of beginning; thence running North on said line 184 feet; thence running West 192 feet to the right-of-way of Thornton and Alexandria Railway Company, thence running in a southwesterly direction along said right-of-way, to where said right-of-way crosses said Branch, thence running East along said Branch back to the point of beginning, containing two acres, more or less."

This description is substantially the same as that in which Furlow acquired title, except that the distance north from the beginning point is stated to be 184 feet instead of 220 feet, and the distance west is stated to be 192 feet rather than 220 feet (this latter difference is not explained by the testimony at the trial and apparently does not raise an issue on this appeal). This land, under the same description, was conveyed by warranty

deed from W. S. Nutt and wife to Victor L. Nutt on April 13, 1943. The appellants are the sole surviving heirs and surviving spouse of Victor L. Nutt.

On September 14, 1957, W. L. Furlow conveyed to the appellee and his wife, land on the northern part of his original plot. This land is described in the deed as follows:

"Beginning at the Southeast corner of said Northeast Quarter of the Northeast Quarter, run thence North 264 feet to a point of beginning; running thence North 36 feet to the South line of the right-of-way of the Thornton and Alexandria Railway; thence West 192 feet; thence South 36 feet; thence East 192 feet to the point of beginning, containing 16/100ths of an acre, more or less."

It is noted that the distance to the beginning point in this deed is the sum of the 80 feet to the point of beginning in the appellants' deed, plus the 184 feet to the northern boundary of their property, or a total of 264 feet.

This litigation was occasioned by the fact that appellees commenced construction of a building near the boundary of the properties, and appellants contend that the construction was partly placed on a portion of the land which had been deeded to Nutt. According to appellants' surveyor, the proposed building overlapped about twelve feet on appellants' premises.

The Nutts' principal contention is that references to a monument in a deed prevail over references to distances. In their brief, they state:

"Appellants contend that the location of the Southeast Corner is immaterial for the reason that the deeds from the common grantor, W. L. Furlow, of appellant and appellee described the point of beginning as being a corner on 'North side of Branch' and that monument prevails over the distance of 80 feet referred to in said deeds."

Further:

"Appellants contend that the call distance in their deed of 80 feet was a mistake in fact and that the reference to the Branch or Little Creek controls."

Appellants have correctly stated the legal doctrine, that generally speaking, monuments prevail over courses and distances; however, the difficulty in the instant litigation is in locating the designated monuments, and this applies to both the natural and artificial monuments mentioned in the deeds. Six witnesses testified in the case, three for each side. R. N. Lyons, Jr., a surveyor, and two of the appellants, testified in support of the Nutts, and Allison Means, county surveyor of Calhoun County, appellee Hamilton Strickland, and W. L. Furlow, common grantor to both sides, testified in behalf of appellees. According to the evidence, in 1933, a highway was built along the eastern boundary of the property, and a concrete bridge replaced the wooden structure which had spanned the branch. Witnesses for appellants largely directed their testimony to the effect that the location of the branch was not changed in any manner when the highway was paved. The widow of Victor Nutt stated, on direct examination, that the location had not been changed; however, she subsequently testified that she did not especially remember the old wooden bridge, except to know that such a bridge existed. Lyon was unable to state whether the concrete bridge was placed in the same position as the wooden bridge. Furlow testified that the course of the branch was first changed by the railroad when it constructed ditches, and subsequently, the Highway Department, in building the highway, "straightened" the branch, and the concrete bridge was moved some distance north of the location of the old wooden bridge. While this evidence was very much in dispute, all parties agreed that the railroad right-of-way could not be located.

Appellants admit that their case is dependent upon establishing that the monument, referred to in the deed, was situated at the time of the conveyance in the same location as at present. We cannot say that this fact was

established by a preponderance of the testimony. As we have frequently stated, the Chancellor heard the witnesses, observed their demeanor on the stand, and was therefore in better position to judge the weight of the evidence. See *Willis* v. *Denson*, 228 Ark. 145, 306 S. W. 2d 106. The findings of the Chancellor on a fact question, of course, will not be disturbed unless clearly against the preponderance of the evidence.

Appellants assert that the property conveyed to Strickland by Furlow had previously been conveyed to Nutt by the same grantor; *i.e.,* that the thirty-six feet deeded to Strickland was embraced in the broader description by which Nutt acquired title. Appellees, of course, contend to the contrary. The correctness of this assertion is dependent upon the original location of the branch, and as stated in the previous paragraph, we are unable to say that the Chancellor's findings were incorrect.

Finally, appellants urge that there is sufficient land north of the present location of the branch to allow them a full 184 feet and the appellees 36 feet. They argue that the lower court should have corrected the boundary to this extent. However, this argument appears fallacious, for appellants subsequently state that if there is any impinging upon the railroad right-of-way as a result of this action, "any dispute over the grant conveying railroad right-of-way property can be settled by the railroad and appellee." If this is a possible result, then appellants are not correct in stating there is sufficient land north of the present location of the branch to allow each party the full distance called for in their respective deeds. In any event, having failed to establish the original location of the branch, the reference to this monument is no longer controlling because of uncertainty and the courses and distances in the deeds are binding upon the parties, and the boundaries established thereby.

Affirmed.