INGRAM *v.* LIFE INS. CO. OF GEORGIA.

5-2622                                          354 S. W. 2d 549

Opinion delivered March 5, 1962.

*Bernard Whetstone,* for appellant.

*Crumpler & O'Connor* and *Jabe Hoggard,* for appellee.

GEORGE ROSE SMITH, J. This is an action at law by the appellant as the beneficiary of a $1,400 policy of accident insurance issued by the appellee to Charles Amos Ingram, the appellant's son. The complaint asserted that the insured died as a result of having been accidentally shot on November 12, 1960. The defendant denied liability on the ground that the policy did not cover a loss due to injuries intentionally inflicted upon the insured. This appeal is from a judgment entered upon a directed verdict for the defendant.

The policy provided an indemnity for death occurring as the result of bodily injuries sustained through external, violent, and accidental means. A later exception, however, excluded coverage for "any loss resulting from . . . injuries intentionally inflicted upon the insured either by himself or any person other than burglars or robbers."

The proof shows that the insured was shot by Robert Lee White. The appellant first contends that the quoted clause is ambiguous and should be construed to mean that coverage is excluded only if the insured intentionally killed himself or intentionally induced someone else to do so. Since it is not shown that this decedent persuaded his assailant to fire the fatal shot the appellant argues that the appellee did not prove its defense.

This contention is not well-founded. An insurance contract is to be construed strictly against the insurer; but where the language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. *Southern Surety Co.* v. *Penzel,* 164 Ark. 365, 261 S. W. 920. This contract states, as clearly and unmistakably as the English language permits, that there is no liability for a loss resulting from injuries intentionally inflicted upon the insured either by himself or any persons other than a burglar or robber. There is nothing whatever to indicate that the action of the third person must have been induced by the insured. We are not at liberty to rewrite the contract by inserting words that simply are not there. Moreover, the suggested construction is not a reasonable one, for the possibility that an insured might succeed in persuading someone else to murder him is so remote that the exclusionary clause would in practical effect be rendered meaningless.

The appellant's other contention is that the defendant's proof was not sufficient to justify the court's action in directing a verdict. At the trial neither party made any real effort to prove the details of the homicide. The decedent's father, testifying for the plaintiff, was the only witness. On direct examination he merely stated that he was present when his son was shot and killed on November 12, 1960. On cross-examination the witness stated that White shot the decedent, who in turn shot White in the shoulder after he had first been hit himself. There was also this testimony on cross-examination:

"Q. He was shot though, intentionally, you say, by Robert Lee White, is that right?

"A. I guess he was, he was shooting that way and he hit my boy."

This meager proof was insufficient to call for a peremptory instruction. The insurer had the burden of proving an affirmative defense based upon an exception in the policy. *Willis* v. *Denson,* 228 Ark. 145, 306 S. W. 2d 106. The testimony must be viewed favorably to the

appellant, against whom the verdict was directed. It merely shows that White was shooting in the decedent's direction and hit him. The witness had not previously said that the shooting was intentional, but in response to the question we have quoted he said that he "guessed" it was. We are unable to say that the evidence is so clear and positive that no fair-minded man could find that the defendant had not sustained its burden of proof. It follows that the directed verdict was not proper.

Reversed and remanded for a new trial.