**Mrs. Margaret White SHANDS**

v.

**NATIONWIDE LIFE INSURANCE CO.**

**Civ. A. No. 1028.**

United States District Court
N. D. Georgia,
Gainesville Division.

Jan. 18, 1965.

Kimzey & Crawford, Cornelia, Ga., Kenyon, Kenyon & Gunter, Gainesville, Ga., for plaintiff.

Telford, Wayne & Greer, Gainesville, Ga., for defendant.

SLOAN, District Judge.

On the 15th day of December, 1964, an Order was entered by the Court sustaining defendant's motion for summary judgment and denying plaintiff's motion for summary judgment and a judgment in accordance therewith was duly entered on December 17, 1964.

Plaintiff has filed a motion to rehear, vacate, alter or amend said judgment and to enter summary judgment in favor of plaintiff on the following grounds:

1. That allowing said judgment to stand overlooks and violates the provision of the policy providing for "Extension of Death Benefit in Event of Total Disability". A part of this provision of the policy is set out verbatim in the motion.

2. That the judgment entered in favor of defendant is based on a Tennessee decision involving a policy distinguishable from and without certain provisions contained in the policy here involved.

Plaintiff prays that the judgment heretofore entered be vacated and that the judgment be altered or amended so as to provide recovery for plaintiff as prayed for in her motion for summary judgment.

Briefs have been filed by the respective parties in support of and in opposition to the above motion and an oral hearing on the motion was had before the Court on the 4th day of January, 1965, at which time oral arguments of counsel for the parties were heard by the Court.

Plaintiff's motion to rehear, vacate, alter or amend the prior judgment of this Court is now properly before the Court for determination under Local Rule 8.

The statement of facts entered by the Court on December 15, 1964, are reaffirmed. In addition, the Court states the following additional facts.

Plaintiff on the 13th day of November, 1963, furnished due proof of the death of Robert E. Shands to defendant through a properly executed Proof of Death Form furnished to her by defendant and thereafter defendant denied liability to plaintiff under the policy on the ground that Robert E. Shands was not an active employee of realty company as defined by the terms and conditions of the policy so as to be eligible for insurance and coverage thereunder.

The plaintiff did not furnish to the insurer notice or proof of the disability of Mr. Shands, the insured.

The ruling of the Court on pages 14 and 15 of the original opinion filed in this case on December 15, 1964, are adhered to but all statements and rulings on pages 16, 17 and 18 of said opinion are vacated, set aside and are withdrawn and the following are substituted in lieu thereof,

2. In view of the above ruling there is no necessity for deciding the second question.

3. The Court in its memorandum opinion and order entered on December 15, 1964, did overlook and fail to deal with the provision of the policy relating to "Extension of Death Benefit in Event of Total Disability". This provision of the policy is in the following language:

"If an Employee, while insured under the Policy and while less than sixty-five years of age, becomes totally disabled as a result of bodily injury or disease, so as to be wholly prevented from engaging in any business or occupation for compensation or profit, and if the Employee dies within one year after discontinuance of premium payments for his insurance and while remaining continuously so disabled, then upon receipt of due proof of such total disability and death, the Company will pay the amount of the Employee's in-surance as determined by the Schedule of Benefits on the date such disability began unless claim is otherwise established because the Employee died within thirty-one days following termination of insurance.

"If the Employee has become totally disabled while less than sixty-five years of age under the conditions stated above and then furnishes not later than one year after discontinuance of premium payments for his insurance written proof to the Company at its Home Office, Columbus, Ohio, that the disability is total and permanent as herein defined, the Employee's insurance will be extended without payment of premiums during the further continuance of total and permanent disability until one year from the date such proof was received. For the purpose of this insurance, total and permanent disability shall mean total disability as described above which has existed continuously for a period of not less than six months. The Employee's insurance under the Policy will again be extended without payment of premiums during the continuance of total and permanent disability for successive periods of one year each, provided written proof of such continuance is submitted to the Home Office of the Company within the respective three months period immediately preceding the beginning of the year.

"The Company shall have the right and opportunity to have such Employee examined by physicians designated by it when and so often as it may reasonably require during disability, but not more frequently than annually after the insurance has been extended for two full years.

"In the event of the death of the Employee, the Company shall be liable under these provisions only if written notice of claim is given at the Home Office within one year from the date of death. Payment hereunder will be made to the Bene-

ficiary, provided, however, that any Beneficiary designation in an individual policy issued under the provisions of the 'Conversion Privilege' shall, if different from the designation for the insurance under this Policy, be considered notice of change of Beneficiary for any claim presented under this section.

"If the Employee has furnished due proof that he is totally and permanently disabled but nevertheless again becomes able to perform some work or engage in some business or occupation for compensation or profit, or if the Employee remains totally and permanently disabled, but refuses to be examined as above or fails to furnish within the time allowed satisfactory proof of continuance of total and permanent disability, all insurance of the Employee under this section shall immediately terminate. The Employee shall thereupon be entitled to rights and benefits under the Conversion Privilege, together with insurance protection during the thirty-one day period allowed for conversion, as if employment had then terminated, unless the Employee returns to work with the Policyholder during such period and is again insured under the Policy. If the Employee returns to active work and is otherwise eligible for life insurance hereunder, the life insurance shall be reinstated for an amount determined in accordance with the schedule of insurance applicable to him on his return to active work and on the basis of his basic hourly rate of earnings at that time.

"If the Policy terminates, an Employee's life insurance shall be continued in accordance with the foregoing provisions in an amount equal to the amount in force on the date of termination.

"If an individual policy of Life Insurance shall have been issued to the Employee in accordance with the provision of the Policy entitled 'Conversion Privilege' the amount payable under the foregoing provisions will be reduced by the amount of such individual policy unless such policy is surrendered to the Company without claim thereunder except for the return of any premium paid on such individual policy."

■ Group policies of life insurance in addition to the so-called "termination of employment" clause frequently contain a provision extending coverage for total and permanent disablement of the insured employee.

Such provisions clearly constitute a modification of the general rule that coverage under a group policy terminates automatically with the termination of employment. 68 A.L.R.2d p. 95 § 55.

The "extension of death benefit" clause constitutes a modification of a general principle that the coverage of an insured employee under the group policy terminates upon the termination of his employment within the meaning of "termination of employment" clause; that is, under the extension of death benefit clause the insured employee remains covered, at least as far as the payment of death benefits is concerned, despite the fact that his employment has come to an end. 68 A.L.R.2d p. 104 § 62(a).

Plaintiff in the present "motion to rehear, vacate, alter or amend the judgment" contends that to allow the judgment entered on the Court's findings and conclusions on December 15, 1964, to stand overlooks and violates the foregoing provisions of the policy. Defendant contends, in response to the motion, that as a condition precedent to an extension of death benefits under this provision that the employee was required to give written notice of his claim of total disability to defendant's home office which was never done. Defendant also contends that the insured did not die within the specific time period in which the policy provides he must have died in order for payment to be made under the facts here and the pertinent clauses of the policy, Robert E. Shands would have had to have died between December 31,

1963 and December 30, 1964, in order to be eligible for these extension benefits.

The defendant also contends, as a third reason, that this provision can not form a basis of recovery for the reason that it requires a finding that Shands, while insured under the policy, became totally disabled "so as to be wholly prevented thereby from engaging in any business or occupation for compensation or profit", and that the evidence shows that he was not so disabled. The Court rejects this contention.

■ The Court now holds that Robert E. Shands became totally disabled as defined by the policy at a time when he was less than sixty-five years of age and that he died within a period of one year thereafter and that coverage was afforded under "The Extension of Death Benefit in Event of Total Disability" provisions of the policy.

■ The defendant contends that the plaintiff by the terms of the policy was required to serve upon the insurer "due proof of such disability and death" and that having failed to furnish proof of such disability as required by the policy that all rights thereunder have been forfeited and that plaintiff is not entitled to recover.

Where, as here, the furnishing of notice or proofs of loss within a specified time is not expressly made a condition precedent to recovery and no forfeiture is provided for in case of default the failure to serve notice or proofs within the specified time generally does not bar recovery. 45 C.J.S. Insurance § 982(4) (d), p. 1192.

"An outright denial of liability or refusal to pay, being a repudiation of the contract, obviates the necessity of further compliance by the insured as to giving notice or furnishing proofs, and operates also to waive any defects or tardiness in such proofs as may have been furnished." 1 Appleman 607, § 607.

A " * * * life policy provision that the insurer would pay the premiums upon proof of total permanent disability was waived by a denial of liability on other grounds than a failure to furnish such proof." 17 Appleman 621, § 9782.

In the case of Smithhart v. John Hancock Mut. Life Ins. Co., 167 Tenn. 513, 71 S.W.2d 1059, 1060, it is held:

"4. Insurance—146(3). When liability has become fixed by loss within range of responsibility assumed in insurance contract, courts are reluctant to deprive assured of benefit of liability by any narrow or technical construction of conditions and stipulations prescribing formal requisite for making accrued right available.

"5. Insurance. 146(3). Ordinarily, provisions in insurance contract for making and filing proofs of loss, compliance with which is made condition precedent to recovery, are liberally construed in favor of insured to avoid technical forfeitures."

Under the facts here Robert E. Shands was totally and permanently disabled under the provisions of the policy and under the law of the State of Tennessee. Pacific Mut. L. Ins. Co. v. McCrary, 161 Tenn. 389, 392, 32 S.W.2d 1052, 1053; Burrell v. Provident Life & Acc. Ins. Co., 162 Tenn. 672, 39 S.W.2d 1031; 1 Appleman 119, § 126.

The failure to file proof of disability, under the above holdings of the Tennessee courts was waived by defendant's denial of liability and refusal to pay and such failure did not work a forfeiture of the policy.

The plaintiff is entitled to recover the sum of $25,000 representing the life insurance benefits provided by the terms of the policy with interest thereon at the rate of 7% per annum from and after January 13, 1964.

The motion for summary judgment for plaintiff is granted and the judgment heretofore entered for defendant is hereby vacated and set aside. A judgment may be prepared and presented in accordance with the rulings here made.

The motion of defendant for summary judgment is denied.