FARM BUREAU MUTUAL INSURANCE COMPANY
*v.* Wanda WHITTEN

CA 95-114                                        911 S.W.2d 270

Court of Appeals of Arkansas
Division II
Opinion delivered December 13, 1995

*Laser, Wilson, Bufford & Watts, P.A.*, by: *David M. Donovan* and *Brian Allen Brown*, for appellant.

*James W. Haddock*, for appellee.

JOHN B. ROBBINS, Judge. Farm Bureau Mutual Insurance Company has appealed from a verdict for Wanda Whitten in her action for insurance coverage on the fire loss of her personal property. On appeal, appellant argues that the trial judge erred in submitting the question of coverage to the jury. We disagree and affirm.

Appellant provided homeowner's insurance to appellee for her residence near Jerome, Arkansas. In September 1990, appellee moved her personal property from the insured premises to a house near Dermott in which she intended to reside permanently. Before

appellee had finished moving, a fire destroyed her personal property in the house near Dermott. When appellee sought recovery for the loss of her personal property, appellant denied her claim because the loss did not occur at the residence listed on the declarations page of the policy.

Appellee then sued appellant. When appellant moved for summary judgment, the circuit judge found that the insurance policy was ambiguous and stated: "The Court further finds that the policy issued by defendant did not state a definite place where personal property would be excluded from coverage. The policy states that personal property coverage is covered by insuror 'any place in the world.' The court finds that a question of fact exists for the jury." At trial, appellant again unsuccessfully argued that the question of coverage should not be submitted to the jury and did not introduce any evidence. The jury returned with a verdict of $20,000.00, and the circuit judge entered judgment for that amount, plus a 12% penalty and an attorney's fee of $7,500.00.

On appeal, appellant argues that this case should not have gone to the jury because (1) "the rules of contractual construction are properly applied as a *matter of law* by the Court, rather than by laymen"; (2) neither party offered any parol evidence as to the meaning of the policy; and (3) the background facts are undisputed. Appellant also argues that the jury ignored the exclusions to coverage and improperly focused upon the policy's provision that it would provide coverage to appellee's personal property "anywhere in the world." The policy provided as follows:

> We cover personal property owned or used by you anywhere in the world. Any personal property, which is usually at your residence but has been temporarily removed by you is covered for up to 10% of the Personal Property Coverage limit but not less than $1,000 while away from the insured residence.

> We do not cover . . . personal property while in any other dwelling owned, rented or occupied by you except while you are temporarily residing there . . . .

■■ The initial determination of whether a contract is ambiguous rests with the court, *Moore* v. *Columbia Mut. Casualty Ins. Co.*, 36 Ark. App. 226, 228, 821 S.W.2d 59 (1991), and

when a contract is unambiguous, its construction is a question of law for the court. *Id.* When the language of an insurance contract is unambiguous, and only one reasonable interpretation is possible, it is the duty of the court to give effect to the plain wording of the policy. *Ingram* v. *Life Ins. Co. of Ga.*, 234 Ark. 771, 773, 354 S.W.2d 549 (1962). Further, if the terms of an insurance contract are not ambiguous, it is unnecessary to resort to the rules of construction, *Birchfield* v. *Nationwide Ins.*, 317 Ark. 38, 41, 875 S.W.2d 502 (1994), and the policy will not be interpreted to bind the insurer to a risk which it plainly excluded and for which it was not paid. *General Agents Ins. Co. of Am.* v. *People's Bank & Trust Co.*, 42 Ark. App. 95, 96, 854 S.W.2d 368 (1993); *Baskette* v. *Union Life Ins. Co.*, 9 Ark. App. 34, 36-37, 652 S.W.2d 635 (1983).

■ In order to be ambiguous, a term in an insurance policy must be susceptible to more than one equally reasonable construction. *Insurance Co. of N. Am.* v. *Forrest City Country Club*, 36 Ark. App. 124, 127, 819 S.W.2d 296 (1991); *State Farm Fire & Casualty Co.* v. *Amos*, 32 Ark. App. 164, 166, 798 S.W.2d 440 (1990); *Watts* v. *Life Ins. Co. of Ark.*, 30 Ark. App. 39, 43, 782 S.W.2d 47 (1990); *Wilson* v. *Countryside Casualty Co.*, 5 Ark. App. 202, 203, 634 S.W.2d 398 (1982). An interpretation that will harmonize all parts of an insurance policy is not always possible when ambiguity exists because of two conflicting provisions. *Home Indemnity Co.* v. *City of Marianna*, 297 Ark. 268, 272, 761 S.W.2d 171 (1988). When the terms of a written contract are ambiguous, the meaning of the contract becomes a question of fact. *Stacy* v. *Williams*, 38 Ark. App. 192, 196, 834 S.W.2d 156 (1992).

■ Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Nationwide Mut. Ins. Co.* v. *Worthey*, 314 Ark. 185, 190-91, 861 S.W.2d 307 (1993); *Baskette* v. *Union Life Ins. Co.*, 9 Ark. App. at 36. If the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two or more interpretations, one favorable to the insured and the other favorable to the insurer, the one

favorable to the insured will be adopted. *Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. at 191; *Drummond Citizens Ins. Co. v. Sergeant*, 266 Ark. 611, 620, 588 S.W.2d 419 (1979); *Pizza Hut of Am., Inc. v. West Gen. Ins. Co.*, 36 Ark. App. 16, 18, 816 S.W.2d 638 (1991). *Accord McGarrah v. S.W. Glass Co.*, 41 Ark. App. 215, 219, 852 S.W.2d 328 (1993).

Here, the only issue on appeal is whether the circuit judge erred in submitting the question to the jury. Because the language in this policy is susceptible to more than one equally reasonable construction, we hold that it is sufficiently ambiguous to present a question of fact for the jury's determination.

Affirmed.

JENNINGS, C.J., and BULLION, S.J., agree.