MURPHEY, Respondent, vs. AMERICAN MUTUAL ACCIDENT ASSOCIATION, Appellant.

*April 4 — April 23, 1895.*

*Accident insurance: False statement in application: Occupation: Evidence.*

1. An accident policy, the validity of which was conditioned on the truthfulness of the statements in the application therefor, was avoided by a false statement in such application as to the occupation of the insured.

2. An applicant for accident insurance stated that he was a carpenter, and millwright. In an action on the policy he testified that at the time he made the application he was cutting cordwood, and that at the time of the accident, some months later, he "was fram-

ing timbers — framing sets and caps." He was impeached by several of his neighbors, one of whom testified that he was not a carpenter and millwright, and this testimony was not contradicted. *Held*, that a finding of the jury that he was a carpenter when he made the application was contrary to the evidence.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed*.

On December 22, 1890, the defendant entered into a contract with the plaintiff, whereby the defendant, in consideration of the membership fee and the warranties and agreements contained in his application for membership, accepted the plaintiff, being a carpenter and millwright, under classification "DD," and insured him against injuries through external, violent, and accidental means, for five years, subject to its by-laws, in the sum of $20 per week, against loss of time caused by such means, not exceeding twenty-six consecutive weeks for any one injury, for other than certain injuries named therein and not here claimed, upon the conditions therein named, among others, that the provisions and conditions therein and those of the application therefor were precedent to the issuing of the certificate and to its validity, and that no waiver should be claimed by reason of any act or acts of any agent, unless authorized in writing by the president.   So much of the application as is material is as follows: "I hereby apply for a certificate in the above association, based upon the following statements of facts, which I warrant to be true: My occupation is a carpenter and millwright, and the duties required are framing and building.   I receive $4 per day wages.  .  .  .   I do hereby declare that the above statements are true and complete.  .  .  .   I also agree to accept certificate of membership subject to all its conditions and provisions."

On February 16, 1892, the plaintiff commenced this action, claiming indemnity under the contract for loss by reason of a burned hand, March 22, 1891, and a sprained ankle, June

18, 1891, and alleging full compliance with all the requirements and conditions of the contract on the part of the plaintiff. The defendant answered by way of admissions and denials, and alleged certain misrepresentations in making the contract, and certain breaches of the contract on the part of the plaintiff, and, among others, that he was not a carpenter and millwright at the time he made the contract, and did not receive to exceed $1.50 per day, and that the plaintiff did not pay his premium or dues as required by the contract.

At the close of the trial the jury returned a special verdict to the effect (1) that the plaintiff was totally disabled from doing all kinds of work pertaining to his occupation of a carpenter and millwright, March 22, 1891; (2) that the plaintiff was not totally disabled from doing all kinds of work pertaining to his occupation of a carpenter and millwright, June 18, 1891; (3) that the plaintiff was a carpenter when he made his application for insurance; (4) that the plaintiff mailed the letter containing five dollars to the defendant about February 22, 1891; (5) that the defendant received the letter containing the five dollars about March 28, 1891. The court thereupon ordered judgment in favor of the plaintiff upon the special verdict for $121.25 damages and costs to be taxed. From such judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *M. C. Phillips*, and for the respondent on that of *Jno. E. Martin*, attorney, and *Latta & Hoffman*, counsellors.

CASSODAY, J. The plaintiff stated in his written application for insurance that his occupation then was that of a carpenter and millwright, that the duties required of him were framing and building, and that he received four dollars per day as wages. The contract of insurance was conditioned upon the truthfulness of such statements. The

third finding of the jury to the effect that at the time of making the application for the insurance the plaintiff was a carpenter must be regarded as a finding that he was not at that time a millwright, since the question submitted was whether he was then "a carpenter and millwright." There is no evidence that he was a millwright. The nearest approach to any evidence that he was a carpenter at the time of making the application is his own testimony to the effect that he was then "cutting cordwood," and that in March, 1891, he was "framing timbers,—framing sets and caps." He was flatly impeached by several of his neighbors, and one of them, a merchant living opposite to him, testified that the plaintiff was "not a carpenter and millwright." That testimony was not contradicted by any witness. The plaintiff was thereafter on the stand in rebuttal, but made no reference to his occupation. We must hold that such finding that he was a carpenter is contrary to the undisputed evidence. The plaintiff's occupation was very material to the risk, and such false representation in regard to it operated, under the provisions of the contract mentioned in the foregoing statement, as a forfeiture of any such claims for indemnity.

While the jury sustained the claim for indemnity for loss of time by reason of the alleged burned hand, yet they expressly found that such claim by reason of the alleged sprained ankle was without any merit. There is much evidence in the case tending to prove that the same was true in respect to the hand.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.