ELOFRSON, Respondent, vs. LINDSAY, Appellant.

*May 21 — September 28, 1897.*

*Ejectment: Court and jury: Possession: Instructions: Tax titles: Occupancy: Res adjudicata.*

1. In an action of ejectment, where the plaintiff based his right to recover upon unlawful dispossession merely, and the defendant justified his possession under a tax deed, questions proposed for a special verdict as to the width of the lot conveyed to plaintiff by his grantor, and the width of ground he would have left if the defendant should take twelve feet off the side thereof, are held to have been properly refused, being immaterial.

2. An instruction that "it has been determined in this case that, if the jury believe from the testimony that the plaintiff was in possession of the land in question and that he claimed it as his own, that is a sufficient title, so that he can bring this action to determine whether or not he is entitled to this strip of land as against" the defendant, upon the claim that the latter makes, was not erroneous. A determination of that point on the first appeal is conclusive in the second appeal.

3. The question whether the plaintiff or his tenants were in occupation of the strip of land in dispute at the time the defendant made application for his tax deed is *held* to have been for the jury.

4. It was not error to instruct that "if the plaintiff surrendered possession peaceably and without objection, as the defendant claimed, then the defendant was entitled to the possession of the land."

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action of ejectment to recover possession of a strip of land three feet wide and eight rods long, in the village of Marshall in Dane county, described as commencing at a point on the south line of lot 5, block 65, fifty-four feet easterly and southeasterly from the extreme west and southwest corner of said lot 5; thence, in a straight line, northerly and northeasterly, and parallel to the west line of said lot, eight rods; thence, in a straight line, easterly and southeasterly on the north line of said lot, three feet; thence, in a straight

line, south and southwesterly, and parallel to the west line of said lot, eight rods; thence, in a straight line, westerly and northwesterly, to the place of beginning.

The complaint is in the usual form, and, among other things, alleges, in effect, that the plaintiff had been for more than ten years the owner in fee simple of the premises, and paid all the taxes lawfully assessed thereon; that the plaintiff was in the actual possession and occupancy of the premises continuously during the ten years immediately preceding June 20, 1893, and ever since that time had been continuously entitled to such possession; that June 20, 1893, the defendant entered into said premises, and unlawfully ousted the plaintiff, and ever since unlawfully withheld from the plaintiff such possession, to the plaintiff's damage in the sum of $200; that, while so unlawfully in possession, the defendant pulled down and removed the plaintiff's fence along the east line of said premises; that the defendant thereupon erected a fence along the west line of said premises, close to and in contact with the dwelling house and building of the plaintiff, situated directly on the west line of said premises, thereby causing the plaintiff great damage and inconvenience, by making ingress to and egress from his dwelling difficult and impossible from the east side thereof.

The answer admitted that the defendant was in possession of a strip of land, three feet wide, adjoining southeasterly certain lands then owned and occupied by the plaintiff as his homestead, and alleged that he was the owner in fee thereof under and by virtue of a certain tax deed, duly made and executed November 24, 1890, by which the fee title to said strip of land was vested in the defendant.

At the close of the trial, the jury returned a special verdict, to the effect that the plaintiff was in possession of the three-foot strip of land in controversy in this action, and described in the pleadings, at the time and for some time continuously before the defendant built a fence thereon, and

removed the platform therefrom, in June, 1893; that it was not agreed between the plaintiff and defendant that the defendant should delay building the fence along the northwest boundary line of the strip in question, until the plaintiff, or the plaintiff and defendant together, had caused it to be surveyed to establish said boundary line, and that then the defendant should have the right to build his fence on the line so established, and to take possession of the strip; that the northwest boundary line of said strip of land was not established by the survey of Mr. Marcy, under the employment of the plaintiff, and the defendant did not build his fence on the line so established; that the defendant had used and occupied the three-foot strip in question since he built the northwest boundary line fence, in June, 1893; that the three-foot strip of land in question was in the actual occupancy and possession of the plaintiff, or another person holding under him, for a period of thirty consecutive days or more at a time, within six months immediately preceding November 11, 1890; that the plaintiff was entitled to recover possession from the defendant of the three-foot strip of land described in the pleadings, and that the value of the use thereof during the time the defendant had been in such possession was $20; that the defendant did not wrongfully remove any fence belonging to the plaintiff from said strip of land; but that the defendant did wrongfully remove the platform from before the door of the plaintiff's house fronting on this three-foot strip of land, to the damage of the plaintiff, aside from the value of the use of the three-foot strip so fixed, in the sum of $10. And, by the consent of both parties, the court also submitted to the jury two questions, in effect as to whether they found generally in favor of the plaintiff or defendant, and they answered to the effect that they found generally in favor of the plaintiff.

Upon such verdict, judgment ·was thereupon entered in favor of the plaintiff and against the defendant, for the pos-

session of the premises so described in the complaint, and damages and costs. From that judgment, the defendant brings this appeal.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell* and *F. W. Hall.*

For the respondent there was a brief by *A. G. Zimmerman,* attorney, and *R. M. La Follette,* of counsel, and oral argument by *Mr. Zimmerman.*

The following opinion was filed June 11, 1897:

CASSODAY, C. J. This case was here, and the judgment reversed for error, upon a former appeal. 90 Wis. 203. Upon the trial which resulted in the judgment so reversed, the plaintiff sought to establish his title by a chain of conveyances from the government; but it was found that such conveyances did not cover the strip of land in controversy and described in the complaint. The defendant upon that trial, as here, sought to maintain his possession under and by virtue of the tax deed mentioned in his answer. In the opinion of the court upon the former appeal, written by Mr. Justice NEWMAN, it is said, in effect, that the plaintiff "did show actual possession of the strip. This is sufficient evidence of title to sustain his action, until the defendant has shown a better title. . . . If the defendant's tax deed was valid, it shows a better title. But its validity depends upon the question whether the premises were occupied as provided by law during the time preceding the taking of the deed. This is in dispute and doubt upon the evidence. It is also in dispute and doubt whether the defendant intruded into the premises, or whether he entered with the consent of the plaintiff. These questions should have been submitted to the jury. It was error not to submit them." 90 Wis. 206. The several questions thus suggested were all submitted to the jury upon the last trial, and their finding upon each question is in favor of the plaintiff.

Elofrson vs. Lindsay.

Upon this last trial the plaintiff offered no evidence of any paper title, but based his right to recover upon his possession as alleged and proved, and upon the fact that he was unlawfully dispossessed as alleged and proved.   The defendant justified his possession under his tax deed and the denials in his answer.   Under the findings of the jury, the tax deed was necessarily held to be a nullity, by reason of the failure to give the notice required by sec. 1175, R. S.   The findings of the jury seem to be sufficiently supported by the evidence.   That verdict covers "the three-foot strip of land in controversy in this action, and described in the pleadings."   Counsel contend that the real controversy related to a strip of land not described in the complaint or the judgment.   But there is nothing in the record to justify such contention as a matter of law.

Errors are assigned because the court refused to submit to the jury questions as to the width of the lot conveyed to the plaintiff by Mrs. Russell, and also as to the width of ground which the plaintiff would have left out of lots 4 and 5, in the block mentioned, if the defendant should take twelve feet wide off the southeast side of lot 5, under his tax deed. Such questions were irrelevant to the issue on trial, and there was no error in refusing to submit them.   The same may be said as to testimony rejected, and instructions refused, relating to the same matters.

We perceive no error in charging the jury that "it has been determined in this case that if the jury believe from the testimony that the plaintiff was in possession of this three-foot strip of land, and that he claimed it as his own, that that is a sufficient title, so that he can bring this action to determine whether or not he is entitled to this strip of land as against *Mr. Lindsay*, upon the claims that *Mr. Lindsay* makes."   That is substantially what was determined on the former appeal, as appears from a portion of the opinion quoted, and such determination is a verity in the case.   So

there was no error in charging the jury to the effect that it was a question of fact for them to determine whether there was "an occupation of this strip of land by the plaintiff or by any tenant holding under him, at the time this application was made for a tax deed and the affidavit was filed, which was November 11, 1890." And also to the effect that if they found that there was no one in possession or occupancy of this three-foot strip at the time, as stated in this affidavit for a tax deed, then they must answer the question that there was no occupation by saying "No." But if, on the other hand, they believed from the testimony that there was occupation of this three-foot strip at the time when the affidavit was filed and the application for the tax deed was made by the defendant, then their answer to that question in the special verdict should be "Yes." So there was no error in charging the jury to the effect that if the plaintiff surrendered the possession peacefully and without objection, as the defendant claimed, then the defendant was entitled to possession of the land.

Other errors are assigned, but they are not such as to call for particular consideration.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 28, 1897.