STANDARD LIFE & ACCIDENT INSURANCE COMPANY *v.* WARD.

Opinion delivered May 14, 1898.

1. ACCIDENT INSURANCE—WARRANTY.—Where an application for accident insurance represented the applicant's occupation to be "ice dealer and proprietor of transportation company, office work only," and such representation is warranted by the applicant to be true, a policy granted upon such application is void if the applicant was also engaged in the business of buying and selling cattle. (Page 298.)

2. OCCUPATION—CATTLE BUYING.—The business of buying and selling cattle, when pursued systematically, continuously and extensively, is an occupation. (Page 299.)

3. POLICY—CONSTRUCTION.—An accident policy contained a clause to the effect that, should the insured engage in other business or avocation, and be injured, he will be indemnified according to a schedule of prices fixed by the rules of the conpany governing such cases. *Held* that such clause only sanctions the future pursuit of other callings than those named in the application, and is not a waiver of a breach of the warranty that the callings named in the application are the callings engaged in at the time of making such application. (Page 299.)

Appeal from Sebastian Circuit Court, Fort Smith District.
EDGAR E. BRYANT, Judge.

*Dodge & Johnson* and *Carroll & Pemberton,* for appellant.

The policy is void, because the insured made false warranties as to the character of his occupations. The insurance company had a right to prescribe the conditions precedent of its contract, and the breach of any of these conditions precedent was sufficient to defeat the policy. 4 H. L. Cas. 484; 67 Fed. 462; 35 N. E. 105; 62 N. W. 1057; 58 Ark. 528. Also, the phrase "office work," used in the appellee's application, means such work as is commonly done in an office. Stand. Dict., word, "Office." The evidence fails to show that appellee was disabled during the length of time for which he was awarded indemnity. It was error for the court to instruct the jury that the meaning of the clause in the policy granting indemnity during the continuance of an injury *"wholly, immediately and continuously* disabling the insured from the transaction of any and every kind of business pertaining to his occupation" was that such indemnity should be paid while the insured was disabled so as to *"substantially"* prevent him from attending to his business. 57 Wis. 174; 5 Lans. 77; 46 Ia. 631; 43 Ill. App. 148; 148 Mass. 153; 53 Hun, 84; 21 Pittsburgh L. J. 25.

BUNN, C. J. This is a suit to recover on an accident policy the sum of $193, at the rate of $25 per week from the 21st November, 1894, to the 15th January, 1895, as an indemnity for injuries received on the 21st November, 1894, and suffered during the period aforesaid, and for being thus incapacitated, during that time, from transacting business. The suit was brought on complaint, with account attached, and the policy exhibited, in one of the justice-of-the-peace courts of Sebastian county, and, the defendant having filed its answer, judgment was for plaintiff for full amount of claim, and defendant appealed to the circuit court of the Fort Smith district of said county, and judgment was again for plaintiff, and defendant appeals to this court.

The portions of the application which are expressly made part of the policy, and of the policy, essential to the discus-

sion and determination of the cause, are as follows: "I [that is, the plaintiff] hereby apply for insurance, against bodily injuries, to be based upon the following statement of facts, all of which I hereby warrant to be true; if found untrue, in any respect, then in every such case the policy issued hereon shall be null and void.    *    *    *    (3).    My occupations are fully described as follows:    Ice dealer and proprietor of transportation company, office work only.    *    *    *    I hereby agree that this application and warranty, together with the premium paid by me, shall be the basis of the contract between the company and me, and I accept the policy which said company shall issue upon this application, subject to all the conditions, provisions and classifications contained in such policy referred to herein." And the policy begins thus: "The Standard Life and Accident Insurance Company, in consideration of the warranties in the application for this policy, and of a premium of twenty dollars, hereby insures Joseph N. Ward," etc.

The evidence shows that the appellee, Ward, in addition to being engaged in the office work of the occupations of ice dealer and of a transfer business, had been for years, "off and on," as he puts it, in the cattle business, at the time of making the application and receiving the policy, and was then and afterwards engaged in said cattle business, and, in fact, the injury received by him for which he claims the indemnity was received while engaged in supervising or assisting in the details of this cattle business; that this business consisted in purchasing cattle in large or small lots, as opportunity presented itself, and in selling the same for profit, as he best could; that this business, for the year covered by the policy in suit, involved the buying and selling of about 1,500 cattle, and amounted to the sum of $15,000 or $20,000, and had been considerable in other years; and that the particular manner of receiving his injury, was as follows:    Some of the cattle so purchased by him having become afflicted with bore worms, he had directed his veterinary surgeon to cut them out, and while the surgeon was thus engaged on one of the animals, which had been thrown for that purpose, but which was restive and more or less uncontrollable, plaintiff, standing by, was asked by the surgeon to assist in restraining the animal by holding down and confining its head,

and, while so engaged, was gored by the beast just above the ankle, and was badly hurt, so much so that he was confined to his room until the 23d day of December following, and was incapacitated from doing work in his said occupations to any material extent until the 15th January next following.

Upon the facts we think the disability to work was complete, in the sense of the law, for the time charged for.

We are of the opinion, however, that the cattle business in which plaintiff had been engaged at the time of taking out the policy and when he made the application, was, in truth, an occupation in the sense of their contract of insurance; and, as he failed to state his engagement in the same in his application, that failure avoided the contract, since it was stipulated that such should be the effect of an untrue statement, the same being covered by the warranty. Were this failure to name the cattle business as one of the applicant's occupations a mere misrepresentation, unintentional, or made merely for the purpose of inducing the company to insure the applicant, then he might show its immateriality, and, that being shown, the policy would not be invalidated. But in this case this failure to state applicant's occupation, or rather his statement to the effect that the ice and transfer business was his only occupation, falls within the terms of his warranty to the effect that all his statements in this regard were true, and that the policy should be void if they were found to be untrue in any respect, and renders the policy null and void, and the verdict of the jury determining otherwise was without evidence to support it. The insurance company had a right to fix the terms and the conditions upon which it would insure appellee, and the latter had the right to accept or reject the insurance on these terms and conditions; but, having accepted the same, it was a contract between them, and, being in violation of no principle of law, nor in contravention of the policy of the law, must be enforced according to its terms and meaning; and the courts have the right neither to make contracts for parties nor to vary their contracts to meet and fulfill some notion of abstract justice, and still less of moral obligation. In support of these statements, we cite the following cases, also cited in appellant's brief, to-wit: *Anderson* v. *Fitzgerald*, 4 H. L. Cases, 484;

*Fidelity & Casualty Co.* v. *Alpert,* 67 Fed. Rep. 462; *Standard L. & A. Ins. Co.* v. *Martin,* 33 N. E. Rep. 105; *Murphey* v. *American M. A. Assn.,* 62 N. W. Rep. 1057.

There is a clause in the policy to the effect that, should the insured engage in other business or avocation, and be injured, he would be indemnified according to a schedule of prices fixed by the rules of the company governing such cases; and this seems to be regarded by some as in some way waiving the warranty as to naming the occupation, but, as we view it, that clause only sanctions the future pursuit of other callings than those named in the application, and by no means waives the breach of the warranty that the callings named are the callings engaged in at the time of making the application.

The question of greatest difficulty of solution in all cases like this is to determine what business engagements really constitute an occupation, in the sense of the law, as applied in the construction of such contracts. There are cases where this becomes the all-important question, and where the question of fact is so involved as to be submitted as a question to the jury. Thus in *Standard Life & Accident Association* v. *Fraser,* 76 Fed. Rep. 705, the applicant in his application stated that he was the "proprietor of a bar and billiard room, not tending bar." It was shown on the trial that he occasionally, at meal times, relieved his barkeeper to permit him to go to his meals. Now, the question was whether this occasional tending bar, to relieve for the time being the barkeeper, was a business or occupation, within the meaning of the warranties of the policy contract. The trial court had instructed the jury in that case that "it was for them to say what was the occupation of the insured," and said: "The phrase in the policy was intended to describe the occupation—the regular business—of the applicant; and if you find from the evidence that the said Fraser was not engaged in the business or occupation of tending bar as a business or occupation, you should disregard this defense." The federal court of appeals found no fault with that instruction, and thus, the question being one for the jury, the finding and judgment were affirmed. We will not stop to question that decision, if indeed it is questionable, for it might have been properly held that the mere occasional help extended to another

without fee or reward, but gratuitously, was not in truth the following of a business or occupation.. But that is not like this case, for the cattle business, when systematically, continuously and extensively followed, as in this case shown, is an occupation of itself, as we think.

Reversed and remanded.