Gott v. Moore.

4-9481                                    238 S. W. 2d 754

Opinion delivered April 23, 1951.

J. H. A. Baker, for appellant.

Reece Caudle, Robt. J. White and Richard Mobley, for appellee.

GEORGE ROSE SMITH, J. This dispute is about the ownership of the timber on seventy-eight acres of land. Appellee Moore brought the suit to enjoin the appellants from interfering with Moore's efforts to cut and remove the timber. The complaint concedes that appellants own the land but alleges that they bought it subject to Moore's title to the timber. The appellants defended the suit on the ground that Moore had no title to the timber. The chancellor upheld Moore's title and entered a decree permitting him to cut and remove the timber.

The parties' claims derive from a common source of title. In 1941 the land was owned in fee by W. J. Massey, who was then a patient in the State Hospital. The property had forfeited to the State for nonpayment of taxes. Massey's wife redeemed the land in 1941 and undertook to sell the timber. By mesne conveyances this claim to the timber passed to Moore.

Later on Massey was discharged from the State Hospital, and in 1943 he and his wife conveyed the land in fee to C. B. Wait, Jr., who later conveyed it to the appellants. Wait was aware of the outstanding timber deed that Mrs. Massey had executed, but Wait's attorney advised him that Mrs. Massey's deed was void. These are all the material facts.

The appellees have filed two motions for affirmance on technical grounds. First, it is contended that the testimony should be disregarded because it does not bear the chancellor's approval. The controlling statute for this chancery district is similar to that construed in

*Johnson* v. *United States Gypsum Co.*, 217 Ark. 264, 229 S. W. 2d 671, and it is argued that that decision governs this case. But there the testimony had been taken by the reporter in open court, and we held that the statute required the chancellor to approve the bill of exceptions. Here all the testimony is in the form of depositions taken before a notary public. We have often held, as in *Feldstein* v. *Feldstein,* 208 Ark. 928, 188 S. W. 2d 295, that in chancery cases a bill of exceptions is not needed to bring depositions into the record.

Second, it is contended that the appellants' abstract does not comply with our Rule 9. The abstract is undoubtedly deficient in some respects. The pleadings have been copied in full instead of being summarized, as the Rule requires. Some of the testimony is narrated in the abstract, while other testimony appears in the printed argument. This arrangement is not as helpful to the court as a better prepared abstract would be, but we do not think it fatally defective. There is really only one material issue in the case—the validity of the timber deed executed by Mrs. Massey—and all the testimony pertinent to this issue appears in the abstract and brief. Under our holding in *Hyner* v. *Bordeaux,* 129 Ark. 120, 195 S. W. 3, this is a sufficient compliance with Rule 9. Both motions are denied.

On the merits the decree must be reversed. When Mrs. Massey attempted to convey her husband's timber her only semblance of title was the redemption deed from the State. It is settled, however, that such a redemption amounts to a mere payment of the delinquent taxes and does not purport to convey title. *Pyburn* v. *Campbell,* 158 Ark. 321, 250 S. W. 15. Hence Mrs. Massey's timber deed, through which the appellee claims, was completely ineffectual. It is immaterial that Wait knew of the timber deed when he bought the fee from Massey, for Wait's knowledge could add nothing to a void conveyance.

Reversed.