EMPLOYERS PROTECTIVE LIFE ASSURANCE COMPANY v. WILLIAM V. GATLIN

5-4867                                                     437 S.W. 2d 811

Opinion Delivered March 3, 1969

*Eubanks & Hood* by *Phillip K. Kinsey* for appellant.

*Hardin & Rickard* for appellee.

GEORGE ROSE SMITH, Justice.   This action was brought by the appellee to recover $1,000 in benefits under a hospitalization policy which was applied for but never actually issued.   The trial court, sitting as a

jury, made a general finding of fact that a valid contract had in fact been agreed upon. This appeal is from the ensuing judgment for $1,000, plus penalty and attorney's fee. For reversal the insurer argues that the proposed agreement was never consummated.

The facts, stated favorably to the appellee, are simple. On August 10, 1967, Fred Nolan, a soliciting agent for the appellant, called at Gatlin's home and obtained his written application for a $1,000 hospitalization policy. For the first quarterly premium of $46.37 Gatlin gave a check, postdated September 1, which was eventually cashed by the insurance company. Nolan signed and issued a printed form of receipt which merely acknowledged receipt of $46.37 "as payment on insurance applied for" in the company. The application, which Gatlin signed without having read it, concluded with a paragraph reading in part:

> I hereby apply to Employers Protective Life Assurance Company at Little Rock, Ark., for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions, and agree that it shall not be effective until a policy has been actually issued while all of the above members are alive and in sound health.

(The pertinent clauses in the application and in the receipt are not set out in the appellant's abstract, as they should have been, but they are quoted in the appellant's brief, which is a substantial compliance with our Rule 9. *Gott* v. *Moore*, 218 Ark. 800, 238 S.W. 2d 754 [1951].)

Gatlin testified that Nolan told him that the policy went into effect "as soon as I wrote you that receipt." Nolan denied that statement, saying that he told Gatlin that the policy would go into effect as of the date of the application if it was approved by the home office. We accept Gatlin's version, for that view was evidently taken by the trial court.

On August 23 Gatlin was injured in an automobile accident and ultimately incurred hospital expenses exceeding the face amount of the policy. On September 13 the company sent Gatlin its check for the amount he had paid and informed him that "we are not able to issue this coverage to you." Gatlin refused the tender and filed this suit.

We are unable to sustain the judgment. Gatlin relies on our holding in *Union Life Ins. Co.* v. *Rhinehart*, 229 Ark. 388, 315 S.W. 2d 920 (1958), but that case is not in point. There the company issued a "binding" receipt, which, when read along with the application, provided temporary insurance. We distinguished that case in *Dove* v. *Ark. Nat. Life Ins. Co.*, 238 Ark. 1033, 386 S.W. 2d 495 (1965), where both the application and the receipt recited that the policy would take effect as of the date of the approval of the application at the company's home office. Here the application states explicitly that "it shall not be effective until a policy has been actually issued." Since, as we said in the *Dove* case, the application and the receipt are to be read together, the case at bar is substantially similar to the *Dove* case, where we held that there was no coverage until the application was approved at the company's home office. We cannot distinguish that case from this one. It is immaterial that Nolan stated that the policy would be effective immediately, as a soliciting agent has no authority to agree upon the terms of the policy or to change or waive those terms. *Holland* v. *Interstate Fire Ins. Co.*, 229 Ark. 491, 316 S.W. 2d 707 (1958). With respect to the effective date of the policy see also Appleman, Insurance Law & Practice, § 103 (rev. ed. 1965).

Reversed and dismissed.