Sharon Kay JONES v. AMERICAN PIONEER LIFE INSURANCE COMPANY

73-120                                           500 S.W. 2d 748

Opinion delivered November 5, 1973

*Tom Allen* and *Murphy, Arnold & Blair,* by: *H. David Blair,* for appellant.

*Davidson, Plastiras & Horne, Ltd.,* by: *Allan W. Horne,* for appellee.

Frank Holt, Justice. Appellant is the beneficiary of a life insurance policy issued by appellee to her former husband who was accidentally killed. The appellee refused payment on the basis that the policy had lapsed for nonpayment of premium. Appellant contended in the trial court and now on appeal that the policy had not lapsed because the appellee had accepted a check as absolute payment for the premium due and, in the alternative, the appellee had waived any forfeiture and by reason of its conduct should be estopped from claiming a forfeiture. The issues were submitted to the trial court, sitting as a jury, upon the pleadings, request for admissions and the answers, exhibits, including the policy, and a stipulation of facts. The trial court found the policy had lapsed for nonpayment of premiums. We affirm the trial court.

The $15.03 monthly premium on the $10,000 policy (accidental death) was to be paid on the fifth of each month by a pre-authorized or sight draft. A thirty-one day grace period was provided. The policy was in effect approximately one year when the March, 1971, sight

draft was returned on March 15 because of insufficient funds. The appellee so notified the insured. A March 17, 1971, sight draft was then issued and it was also returned due to insufficient funds. On April 5 the thirty-one day grace period for the March payment expired. On that date the appellee insurance company drew a draft for the April monthly payment which was returned on April 8 because of insufficient funds. On that date the appellee insurer forwarded the insured's personal check for the March premium for collection to the bank with instructions to hold it for five days and if not paid to return the check. Three days later the insured was accidentally killed. The check was never paid and at no time during the month did the insured ever have sufficient funds in the bank to pay his personal check. Following the death of the insured, payment for the March premium was mailed on April 14, 1971, by a third party. On April 15 the insurer addressed a letter to the insured not yet knowing of his accidental death, advising that he should forward a money order for the March and April premiums if he desired to continue his policy in force. On April 23, having learned of the insured's demise, the appellee refused payment on the policy and returned the premium paid by the third party.

Appellant first contends for reversal that "appellee accepted the insured's check as payment of the premium for the relevant period, and therefore, the trial court erred in holding the policy to have been forfeited for nonpayment of premiums." The thrust of appellant's argument, as we understand it, is based upon the assertion that the March draft was accepted as absolute and not conditional payment of the premium. In support of this contention, appellant makes the argument that appellee's failure to expressly condition the receipt of the drafts, the failure to explain the terms of any agreement by which the appellee drew the drafts, the invitation to pay by draft, and the repeated collection attempts are consistent with the intent of the appellee insurer to regard the policy as being continued in force upon mere receipt of the drafts. Appellant asserts this is true despite the fact that the policy provides the insurance coverage is automatically terminated upon the expiration of the grace

period for the payment of the monthly premium, subject to reinstatement, and that no liability exists except for injury sustained following reinstatement. The reinstatement provision is in accord with Ark. Stat. Ann. § 66-3607 (Repl. 1966).

The burden of proof on these asserted factors was upon the appellant to demonstrate and convince the trier of the facts that the pre-authorized or March sight draft or insured's personal check was intended as an absolute payment. The law is well settled that receiving a check as payment for an insurance policy is conditional and will not prevent a forfeiture of the policy for nonpayment of the premium. *Nation Life Co.* v. *Brennecke,* 195 Ark. 1088, 115 S.W. 2d 855 (1938). Of course, if the insurance company's acts indicate that receipt of the check is payment then such will justify a finding that the insurance company is so bound. *Brennecke, supra,* and *National Fire Insurance* v. *Wright,* 163 Ark. 42, 257 S.W. 753 (1924). We have held that when the insured attempted to pay the premium the day before the grace period expired the policy lapsed because the check was dishonored when presented for payment five days later. *Webb* v. *The Manhattan Life Insurance Company,* 220 Ark. 478, 248 S.W. 2d 385 (1952). In accord is *Hare* v. *Illinois Bankers Life Assurance Company,* 199 Ark. 27, 132 S.W. 2d 824 (1939), where the insured failed to pay his premium within the grace period and subsequent thereto sent a check to his insurance company which was dishonored and the policy was never reinstated. Appellant says that a "check or draft may itself constitute payment of the premium and whether it does so depends primarily upon the manifest intent of the insurer." In the case at bar, the sight drafts for the March and April premiums were dishonored and the insured's personal check was never paid even though the bank was instructed to hold it for five days for collection. We find no merit in appellant's contention that the court erred in not finding the "insured's check" was accepted and constituted payment of the premium. There is substantial evidence to support the contrary finding made by the court.

Appellant next asserts for reversal that "appellee's conduct was totally inconsistent with an intent to forfeit

policy until it learned of insured's death and therefore should be deemed to have waived any right to forfeit policy." The terms of the policy are clear that the policy lapses if the monthly premium is not paid within the thirty-one day grace period. To continue the policy the appellee's activities must be inconsistent with the lapse provision. Therefore, we have held that where the insurance company repeatedly accepted premiums ranging in tardiness from two to seventeen days, it would justify finding a waiver of the grace period until notice was given that such favor would no longer be extended. *American Life Ins. Co.* v. *Claybough*, 227 Ark. 946, 302 S.W. 2d 545 (1957), and in accord, *Universal Life Ins. Co.* v. *Bryant*, 196 Ark. 1143, 121 S.W. 2d 108 (1938). In the case at bar the insurance company had on one occasion accepted a premium payment (January, 1971) one day after the grace period. Appellant insists that the one tardy payment (another one previously occurred during the grace period), together with the other activities of or transactions with the insurer previously discussed, is so inconsistent with the forfeiture provision of the policy as to constitute a waiver. Even so, this presented a factual issue for the fact finder.

Appellant finally contends that "appellee represented to insured that he had a period of five (5) additional days to pay premium, within which five days insured was killed and therefore appellee should be estopped from forfeiting policy until expiration of this period." The letter to the insured's bank, following nonpayment of the March and April sight drafts, stated:

> We are enclosing for collection a check in the amount of $15.03 drawn on your bank and signed by Dale Williams.
>
> We are advising Mr. Williams that we have mailed the check direct to your bank for collection. Would you please hold it for five days and if Mr. Williams fails to pay, return to us?

The letter indicated that a copy was being sent to the insured. Certainly the court could draw the inference

that the check was to be held as a conditional payment and nothing in the language of the letter indicated that the policy was absolutely or unequivocally considered to be in force and effect and extended for five days. Further, there is no evidence that the deceased received a copy of the letter or relied upon it.

On appeal we review the evidence and all deducible inferences therefrom in the light most favorable to the appellee and affirm the fact finder if there is any supportive substantial evidence. *Fanning* v. *Hembree Oil Co.*, 245 Ark. 825, 434 S.W. 2d 822 (1968). When we consider the facts and circumstances, together with the policy provision and other exhibits, we cannot say there is no substantial evidence to support the findings of the trial court.

Affirmed.