## Walter E. WILSON *v.* COUNTRYSIDE CASUALTY COMPANY

CA 81-383                                          634 S.W.2d 398

Court of Appeals of Arkansas
Opinion delivered June 16, 1982

*Larry W. Chandler,* for appellant.

*Floyd M. Thomas, Jr.* of *Brown, Compton & Prewett, Ltd.,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Walter E. Wilson, seeks to have a contract of insurance, insuring his dwelling against loss by fire, enforced. He appeals an adverse decision alleging that the policy terms were ambiguous and that the tender of a bad check for the premium was not a conditional payment. We affirm.

The language in the policy which appellant claims is ambiguous reads:

> The binder is effective only if signed by an authorized agent and if the effective date and time of the binder is inserted and binder of any policy issued therein are void if any check tendered in payment of the premium is not honored.

The foregoing language is not ambiguous but is very poor English usage. In order to be ambiguous, a term in an insurance policy must be susceptible to more than ,one equally reasonable construction. *Union Life Insurance Commission* v. *Rhinehart,* 229 Ark. 388, 315 S.W.2d 920. We believe this provision to have only one meaning: If the check tendered as premium payment is dishonored, the insurance coverage is null and void. In *Appelman, Insurance Law and Practice,* Section 7532, it clearly states that the binder language and the policy issued later must be considered together in order to determine the true intention of the parties. The binder language clearly indicates that any coverage is to be void if the check tendered in payment of the premiums is not honored. The specific language of the policy states that it is being issued in consideration of the payment of the premium. If the premium was not paid, the parties did not intend that the insurance would be effective. See *Jones* v. *American Pioneer Life Insurance Co.,* 255 Ark. 474, 500 S.W.2d 748 (1973).

We affirm.