Velerick "Rick" WATTS *v.* LIFE INSURANCE
COMPANY OF ARKANSAS

CA 89-269                                    782 S.W.2d 47

Court of Appeals of Arkansas
Division I
Opinion delivered January 10, 1990

*Bill R. Holloway*, for appellant.

*Davidson, Horne & Hollingsworth, A Professional Association*, by: *Allan W. Horne* and *Patrick E. Hollingsworth*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Desha County Circuit Court. Appellant, Velerick "Rick" Watts, appeals the trial court's granting of a motion for summary judgment by appellee, Life Insurance Company of Arkansas. We

affirm.

Appellant is the named beneficiary in an application for accidental life insurance coverage which was completed on September 3, 1985, by Debbie Watts, appellant's deceased sister and the named insured. On September 18, 1985, Debbie Watts was murdered. On October 10, 1985, appellant submitted proof of claim to appellee. Appellee, upon learning of the death of Debbie Watts, returned the premium that was submitted with the application and denied appellant's claim for benefits. Appellant on April 23, 1988, filed a complaint claiming entitlement to the proceeds of the accidental life insurance policy. Appellee responded by filing on June 13, 1988, a motion for summary judgment stating that there was no insurance in force at the time of decedent's death. From the trial court's granting of the motion on March 2, 1989, comes this appeal.

Appellant's only point for reversal is as follows:

I.

THE LOWER COURT ERRED WHEN IT CON-CLUDED THAT THERE WERE NO GENUINE IS-SUES OF MATERIAL FACT TO BE DETERMINED BY A JURY WHEN THE EFFECTIVE DATE ON AN INSURANCE APPLICATION WAS LEFT BLANK UNTIL AFTER IT WAS SIGNED BY THE APPLI-CANT AND WHEN THERE IS NO LEGITIMATE NEED FOR A WAITING PERIOD BETWEEN THE DATE OF APPLICATION AND THE EFFECTIVE ISSUANCE OF THE POLICY IN THE CASE OF AN ACCIDENTAL DEATH LIFE INSURANCE POLICY.

Arkansas Rules of Civil Procedure 56(c) provides that a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The appellate court needs only to decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the appellee in support of the motion left a material question of fact unan-

swered. *Barraclough* v. *Arkansas Power & Light Co.*, 268 Ark. 1026, 597 S.W.2d 861 (Ark. App. 1980).

Appellee issued a group accident life insurance policy to Dumas Public Schools on October 1, 1983. On September 3, 1985, the decedent, an employee of Dumas Public Schools, applied to appellee for individual life insurance under the policy and on September 18, 1985, the decedent died. The policy states, "This policy, including the organization's application, endorsements and the attached papers, if any, constitutes the entire contract of insurance." The application which was attached to and formed part of the policy that was issued to Dumas Public School in 1983 provides:

> After the policy effective date, newly eligible persons may apply within 31 days after they become eligible, and individual insurance will become effective on the first day of the month next following the date the application is received. Eligible persons who do not apply either during the initial enrollment period or within 31 days after becoming eligible may thereafter apply, but *individual insurance shall not become effective until the first day of the month next following the date the application is approved by the Company after submission of satisfactory evidence of insurability.* [Emphasis added.]

Appellant asserts that the effective date on the application for insurance was left blank until after it was signed by the decedent thereby making the policy ambiguous as to its effective date and creating a reasonable expectation in the decedent that coverage was in force from the time the premium was submitted with the application. Appellant urges this court to adopt the Pennsylvania rule that although the parties to an insurance contract may fix some future date as the effective date of the policy, the burden is on the insurance company to prove by clear and convincing evidence that the consumer had no reasonable basis for believing coverage would be immediately effective. However, we instead follow our supreme court's holding in *Employers Protective Life Assurance Company* v. *Gatlin*, 246 Ark. 244, 437 S.W.2d 811 (1969), under which an applicant for insurance is afforded no coverage until the coverage becomes effective under the terms of the policy. Only where the receipt or

application expressly provides for temporary insurance is the applicant covered prior to the effective date provided in the policy. *Dove* v. *Arkansas Nat'l Life Ins. Co.,* 238 Ark. 1033, 386 S.W.2d 495 (1965). Furthermore, in order to be ambiguous, a term in an insurance policy must be susceptible to more than one equally reasonable construction. *Wilson* v. *Countryside Casualty Co.,* 5 Ark. App. 202, 634 S.W.2d 398 (1982). Here, the date which was filled in after the application was submitted and which appellant claims causes an ambiguity in the contract is in that portion of the application clearly marked for use by appellee only and as such is not susceptible to more than one reasonable construction.

■ The above stated provision from the policy in this case is clear and unambiguous and, as there is no provision for temporary coverage, determines the effective date of the individual insurance applied for by the decedent. Because the decedent died prior to that date, no insurance coverage was in effect under the terms of the policy at the time of her death.

Appellant further asserts that as a matter of public policy, Arkansas law regarding the effective date of coverage for policies such as the one in this case should be changed. He argues that because of the nature of the accidental death policy there is no legitimate reason for a waiting period between the application for the policy and its effective date.

■ Arkansas courts have held that insurance contracts are subject to the same rules as other contracts as follows:

> The insurance company had the right to fix the terms and conditions upon which it would insure the appellee, the latter had the right to accept or reject the insurance under these terms and conditions, but, having accepted the same, it was a contract between them, and, being in violation of no principle of law nor in contravention of the policy of the law, must be enforced according to its terms and meaning; and the courts have the right neither to make contracts for parties nor to vary their contracts to meet and fulfill some notion of abstract justice, and still less of moral obligation.

*Interstate Business Men's Accident Assoc.* v. *Nichols,* 143 Ark. 369, 220 S.W. 477 (1920) (quoting *Standard Life and Accident Ins. Co.* v. *Ward,* 65 Ark. 295, 45 S.W. 1065 (1898)). More

specifically, our courts have long recognized the right of the insurer to define in its policy the effective date for coverage. *See Harris* v. *Mutual Benefit Health & Accident Ass'n*, 187 Ark. 1038, 63 S.W.2d 975 (1933).

The parties to the insurance contract in the case at bar freely entered into the agreement which provided for coverage to be effective no earlier than the first day of the month next following the date of the application. As the application was submitted on September 3, 1985, and the decedent died prior to October 1, 1985, there was at the time of her death no insurance coverage in effect under the terms of the policy.

■ The power of the courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt. *Sirman* v. *Sloss Realty Co.*, 198 Ark. 534, 129 S.W.2d 602 (1939).

We are not convinced by appellant's arguments that this is one of those cases requiring the contract be declared void and, therefore, decline to do so. Furthermore, based on the foregoing we cannot say that the evidentiary items presented by the appellee in support of the motion for summary judgment left a material question of fact unanswered and, therefore, hold that the granting of summary judgment was appropriate.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.