**Del R. CHANDLER, David Siegel, Robert E. Sly, Eugene Schieffler, Thomas Watson Light, Otis W. Howe, Jr., William S. Corder, Sr., James E. Boyd, Sr., and Resolution Trust Corporation, Plaintiffs,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.**

No. H–C–92–100.

United States District Court, E.D. Arkansas, E.D.

April 29, 1993.

Samuel A. Perroni, Perroni, Rauls & Looney, P.A., Little Rock, AR, for Del R. Chandler.

Jesse E. "Rusty" Porter, Jr., Municipal Judge, Porter & King, West Helena, AR, for Robert E. Sly.

Daniel K. Schieffler, Schieffler Law Firm, West Helena, AR, for Eugene Schieffler.

Steven B. Crain, Gerrish & McCreary, P.C., Memphis, TN, for Thomas Watson Light, Otis W. Howe, Jr., William S. Corder, Sr. and James E. Boyd, Sr.

Richard T. Donovan, Patricia J. Heritage, Rose Law Firm, Little Rock, AR, for Resolution Trust Corp.

Michael G. Smith, Giroir & Gregory, Little Rock, AR, Lewis K. Loss, Jay Ward Brown, Ross, Dixon & Masback, Washington, DC, for American Cas. Co. of Reading, Pa.

### MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

■ *INTRODUCTION.* American Casualty Company ("ACCO") has filed a motion for summary judgment.[1] The basis of its motion is two-fold. It first maintains that an exclusion precludes coverage. It also maintains that the plaintiffs' claim is time-barred

---

1. A motion for summary judgment should be granted if, in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Nelson v. City of McGehee,* 876 F.2d 56 (8th Cir.1989). "Only disputes over facts that may affect the outcome of the lawsuit under the governing substantive law will properly preclude the entry of summary judgment." *Id.* at 57.

for a number of reasons. The plaintiffs oppose the motion. The Court has examined the many pleadings and exhibits filed by the parties and concludes that the motion should be, and is, granted.

*FACTS.* In connection with this motion, the parties have filed separate statements of facts in accordance with Local Rule 29. The facts necessary to resolve this motion are not in dispute. These facts are adopted by the Court.

1. Del Chandler, David Siegel, Robert Sly, Eugene Schieffler, Thomas Watson Light, Otis Howe, William Corder, and James Boyd are the former directors and officers of the Capital Savings and Loan Association of West Helena ("Capital").

2. ACCO is a stock insurance company.

3. ACCO issued a Directors and Officers' Liability Insurance Policy ("policy") to Capital with an effective policy period from October 5, 1988 to October 5, 1989.

4. Endorsement number seven of the policy provided, in part:

It is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any claim made against the Directors or Officers based upon or attributable to:

any action or proceeding brought by or on behalf of the Federal Deposition Insurance Corporation, the Federal Savings & Loan Insurance Corporation, any other depository insurance organization, the Comptroller of the Currency, the Federal Home Loan Bank Board, or any other national or state regulatory agency (all of said organizations and agencies hereinafter referred to as "Agencies"), including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise; whether such action or proceeding is brought in the name of

such Agencies or by or on behalf of such Agencies in the name of any other entity or solely in the name of any Third Party.

5. During the policy period, the Federal Home Loan Bank Board ("Board") declared Capital insolvent.

6. The Board appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as Capital's conservator.

7. The RTC later became Capital's conservator and receiver.

8. In July of 1992, the RTC sued Capital's former directors and officers for mismanagement and other misconduct which allegedly caused the collapse of Capital. *Resolution Trust Corporation v. Chandler,* H–C–92–67.

9. In October of 1992, the directors and officers were joined by the RTC in filing this declaratory judgment action against ACCO.

*COMPLAINT.* The plaintiffs request a declaration that coverage exists under the policy, thus entitling the directors and officers to a defense in *Resolution Trust Corporation v. Chandler.*[2] Mindful that the exclusion contained in endorsement number seven, *i.e.,* the regulatory exclusion, is a considerable barrier to coverage, they allege the following in paragraph nine of their complaint:

The regulatory exclusion contained in the Policy does not apply to the RTC's claims against the individual plaintiffs set forth in the RTC's Lawsuit and is otherwise void as against public policy, ambiguous, violative of the reasonable expectations of the insureds, and the Policy's implied warranty of fitness.

*MOTION.* This motion is predicated upon the assertion that the regulatory exclusion precludes coverage.[3] ACCO initially maintains that the exclusion is not ambiguous. Because it is not ambiguous, ACCO maintains that the doctrines of reasonable

---

**2.** The plaintiffs maintain that "[t]he RTC has a legally protectible interest as a third-party beneficiary in the insurance policy which is the subject matter of this Complaint ... by virtue of its acquisition of certain assets of Capital, including any and all claims arising as a third-party beneficiary of the insurance policy ..." Complaint at 2.

**3.** As the Court has noted, ACCO has also moved for summary judgment on the ground that the plaintiffs' claim is time-barred for a number of reasons. It is not necessary for the Court to reach this issue because the regulatory exclusion bars coverage.

expectations and implied warranty of fitness are inapplicable. Last, ACCO maintains that the exclusion does not violate public policy.

*RESPONSE.* The plaintiffs disagree. They initially maintain that the exclusion does not preclude coverage for claims brought by the RTC. It is their contention that the RTC is not mentioned in the exclusion and is not a "regulatory agency" within the meaning of the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("Act"). They also argue that the cases cited by ACCO in support of its positions on ambiguity and public policy do not involve the RTC but rather the FDIC. They therefore contention that the cases are inapplicable.

*REPLY.* ACCO takes a contrary position on the question of whether the RTC is a "regulatory agency." ACCO alleges that the exclusion specifically enumerates every federal agency known to be involved in the regulation of banks and thrifts at the time the parties entered into the contract. The RTC did not exist when the parties entered into the contract; thus, the RTC could not have been mentioned in the exclusion.

*AMBIGUITY.* The parties have identified several issues which they believe the Court should address. The first issue is whether the regulatory exclusion is ambiguous.

As a preliminary matter, it should be noted that the Court had an occasion to consider a regulatory exclusion in *American Casualty Co. v. FSLIC,* 704 F.Supp. 898 (E.D.Ark. 1989). In that case, the Court found the exclusion to be ambiguous. The exclusion, however, was significantly different than the exclusion in this case. *Id.* at 902. The decision in that case is therefore not controlling.

■ Whether the regulatory exclusion is ambiguous does not require a long recital of the applicable law because it is not ambiguous. *American Casualty Co. v. FDIC,* 944 F.2d 455 (8th Cir.1991). The plaintiffs apparently do not disagree. As the Court has previously noted, however, they maintain that the cases relied upon by ACCO deal with the applicability of the exclusion to the FDIC, not the RTC. This argument requires the Court to determine whether the exclusion is applicable to the RTC.

The regulatory exclusion precludes coverage for any proceeding brought by or on behalf of a "regulatory agency." The Court finds that this phrase is not ambiguous.[4] The critical issue is whether the RTC is a "regulatory agency."

Of the numerous cases discussed in the parties' briefs, one, *American Casualty Co. v. Baker,* 758 F.Supp. 1340 (C.D.Cal.1991), addresses whether the RTC is a "regulatory agency."[5] In that case, ACCO issued a series of directors and officers' liability insurance policies to Pacific Savings Bank. The bank was declared insolvent, and the directors and officers were subsequently sued by the FDIC in its capacity as managing agent for the RTC.[6] ACCO then sued the directors and officers in a declaratory judgment action. ACCO took the position that a regulatory exclusion identical to the one at bar precluded coverage for the claims made by the RTC/FDIC.[7] The RTC/FDIC intervened, taking the position that coverage existed. It alleged that it did not qualify as a "regulatory agency" under the Act because its responsibilities differed from those discharged by the FDIC and FSLIC prior to the adoption of the Act. In support of this

---

**4.** A phrase is ambiguous if it is susceptible to more than one equally reasonable construction. *Wilson v. Countryside Casualty Co.,* 5 Ark.App. 202, 634 S.W.2d 398 (1982). "Regulatory agency" is a phrase not susceptible to more than one equally reasonable construction.

**5.** ACCO cites the Court to *RTC v. Walke,* No. 92–0430, 1993 WL 455195 (W.D.La. April 15, 1993), and *National Union Fire Insurance Co. v. RTC,* No. H–C–92–1157 (S.D.Tex. August 12, 1992). Although the opinions in these cases are interesting, they are apparently unpublished.

**6.** *See FDIC v. Baker,* 739 F.Supp. 1401 (C.D.Cal. 1990).

**7.** At the time the FDIC commenced the initial action, it served as the managing agent for the FSLIC. Congress caused the RTC to succeed the FSLIC when it passed the Act. The court in *Baker* continually referred to this relationship between these entities by referring to them as the "RTC/FDIC."

contention, the RTC/FDIC alleged that it was not named in the regulatory exclusion. It also alleged that its responsibility was to manage insolvent institutions, not solvent institutions. This responsibility was given to the Office of Thrift Supervision.

The court in *Baker* disagreed, finding the following:

The RTC replaced [the] FSLIC as conservator or receiver for failed thrifts. [Citation and quote omitted]. As the insurance companies point out, when the underlying action was instituted in 1989, it was done by the FDIC acting as the Managing Agent for the FSLIC.

The FDIC, also specifically named in the exclusion clause, was the FSLIC's manager then, and it now is the exclusive manager of the RTC; it provides the employees to carry out the RTC's functions; and, it will replace the RTC as receiver and conservator when the RTC is terminated which, according to the current legislation, will be not later than December 31, 1996. It is illogical, say the insurance companies, to conclude that the policy exclusion does not extend to the new agency, created as part of a reorganization of federal regulation of the industry, that has assumed functions previously performed by one agency named in the exclusion, FSLIC, and is essentially controlled by another agency named in the exclusion, FDIC. Lastly, the [insurance companies] remind us that the policy exclusion also expressly states that no coverage is available for "any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise."

... The Court agrees with the construction urged by the insurance companies. Their reading of the regulatory exclusion is both natural and reasonable. There is no ambiguity to the language of the clause and the RTC/FDIC's submissions do not make it so.

*Id.* at 1346–47. The court also made mention of two lesser, but still noteworthy, matters. First, several statutes establish that Congress has put the RTC into the regulatory agency category. *Id.* at 1347. Second, the RTC has been deemed a "regulatory agency" in other settings. *Id.* [citing *Arkansas State Bank Commissioner v. RTC*, 911 F.2d 161 (8th Cir.1990)]. The court concluded that the RTC was a "regulatory agency" and the exclusion precluded coverage.

The *Baker* decision is consistent with the statutory framework devised by Congress when the Act was promulgated. 12 U.S.C. 1441a. The decision is also consistent with a reasonable interpretation of the regulatory exclusion. Although the RTC is not mentioned in the exclusion, it did not exist at the time the parties entered into the contract. It is inconceivable that the RTC would not have been mentioned in the exclusion had the parties known of its existence.

In light of the foregoing, the Court finds that the RTC is a "regulatory agency." The regulatory exclusion is therefore equally applicable to the RTC. The Court also finds that the exclusion is not ambiguous.[8]

*PUBLIC POLICY.* Another issue raised by these submissions is whether the regulatory exclusion is void as against public policy. This issue has been resolved in the negative. *American Casualty Co. v. FDIC*, 944 F.2d at 460. Given the finding of the Court that the RTC is a "regulatory agency," and therefore falls within the exclusion, it is insignificant that *American Casualty Co. v. FDIC* deals with the FDIC but not the RTC.

*CONSIDERATION.* The issue of consideration has been raised by the plaintiffs. This case is factually different than *Slaughter v. American Casualty Co.*, No. B–C–92–23, a decision by Judge Howard. The Court finds that the consideration issue lacks merit.

*CONCLUSION.* The material facts of this case are undisputed. The regulatory exclusion is not ambiguous and applies to the RTC because it is a "regulatory agency." This case is not easy because of the consequences flowing from this decision. Nevertheless, the exclusion precludes coverage. The motion

8. Because the exclusion is not ambiguous, the doctrines of reasonable expectations and implied warranty of fitness are not applicable. This conclusion assumes, however, that the latter doctrine has been applied in the insurance context in this state.

for summary judgment is granted, and the complaint is dismissed.

IT IS SO ORDERED.